Anand P. AGARWAL, etc., et al.,
Plaintiffs-Appellants,

v.

ARTHUR G. McKEE AND COMPANY, a
corporation, etc., et al.,
Defendants-Appellees.

Anand P. AGARWAL, etc., et al.,
Plaintiffs-Appellees,

v.

ARTHUR G. McKEE AND CO., a
corporation, etc., et al.,
Defendants-Appellants.

Nos. 78–1037, 78–1117.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1980.

Decided May 7, 1981.

William H. Carder, San Francisco, Cal., for plaintiffs-appellants.

Gilmore F. Diekmann, Jr., Bronson, Bronson & McKinnon, San Francisco, Cal., for defendants-appellees.

Before TRASK and SKOPIL, Circuit Judges, and THOMPSON,* District Judge.

TRASK, Circuit Judge:

Agarwal, a former employee of Arthur G. McKee & Co. (McKee), brought this class action alleging that McKee engaged in various discriminatory practices in violation of 42 U.S.C. § 2000e. He appeals from the district court's judgment denying relief on both his individual and the class claims. McKee cross-appeals from the district court's denial of attorney's fees and costs. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

I

Agarwal, an East Indian, was employed by McKee from May 19, 1969, to September 17, 1970. On the latter date, Agarwal's employment was terminated following a dispute with two supervisory personnel. Agarwal contends that his discharge was the result of discriminatory motives on the part of his supervisors, evidenced by their treatment of him throughout his employment and by racially derogatory language allegedly used by one supervisor during the incident that ended Agarwal's employment. These contentions were disputed by McKee and the district court's findings of fact indicate that the judge believed McKee's version of the events.

* Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

In addition to his individual claim, Agarwal brought suit as representative of a class which was certified to include all racial and ethnic minority group members who had been employed by defendant McKee or had applied for such employment at any time after May 14, 1970. He alleged that McKee discriminated against minorities primarily by initially assigning them to lower paying jobs than similarly situated and qualified caucasians and by not promoting minorities at the same rate as caucasians. These allegations were supported predominately by statistical studies prepared for Agarwal by an expert witness.

McKee disputed the inference of discrimination raised by these statistics with testimony and statistical evidence of its own. The evidence showed that McKee maintained a minority workforce percentage which exceeded any available minority labor pool percentage. Although the percentage of minorities in McKee's lowest paying jobs was much higher than the percentage of minorities in its highest paying positions, the percentage in the highest salaried positions was still above national, local, and industry averages. The district court found that McKee's evidence conclusively demonstrated that there were nondiscriminatory explanations for each inference of discrimination raised by Agarwal's statistical showing.

Agarwal challenges the district court's allocation of the burden of proof on the issue of discrimination. He also contends that the district court erroneously resolved a number of factual issues. McKee cross-appeals from the district court's denial of its motion for attorney's fees on the ground that the court applied an incorrect standard.

## II

■ The first issue appellant Agarwal raises is whether the district court properly allocated the burdens of proof in this case.

In its conclusions of law, the district court stated:

7. The plaintiff in a class action pursuant to Title VII bears the initial burden of establishing a prima facie case of racial discrimination.

.        .        .        .        .

11. Upon proof of a prima facie case of employment discrimination, the burden of going forward with the evidence shifts to the defendant to articulate legitimate, nondiscriminatory reasons for its conduct.

.        .        .        .        .

12. After defendant's presentation of allegedly legitimate, nondiscriminatory reasons for its conduct toward the class, plaintiff has the opportunity to show that defendant's stated reasons are in fact pretext.

This allocation of the burden of proof is in conformity with the general burden of proof framework for Title VII cases established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). The Supreme Court has since emphasized that the burden shifting to the defendant upon the establishment of a prima facie case by the plaintiff is not a burden of persuasion, but only a requirement that some reasonable, nondiscriminatory explanation be articulated. *See Board of Trustees v. Sweeney*, 439 U.S. 24, 25, 99 S.Ct. 295, 296, 58 L.Ed.2d 216 (1978).[1]

■ Agarwal argues that in this case we should require McKee to bear the burden of persuasion on the issue whether the discrimination inferable from Agarwal's statistics resulted from a discriminatory motive. Agarwal relies on the Supreme Court's statement that its decision in *McDonnell* "did not purport to create an inflexible formulation" of the requirements of proof in Title VII actions. *International Brotherhood of Teamsters v. United States*, 431

---

1. This decision cleared up the confusion created by some intervening cases which might be read as implying that the defendant is required to prove an absence of discriminatory motive once the plaintiff established a prima facie case. *See e. g., Hazelwood School Dist. v. United States*, 433 U.S. 299, 313–14, 97 S.Ct. 2736, 2744–45, 53 L.Ed.2d 768 (1977) (Brennan, J., concurring); *id.* at 314–20, 97 S.Ct. at 2744–48 (Stevens, J., dissenting).

U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977). Agarwal's reliance is misplaced. Not only does *Teamsters* predate *Sweeney*, but the flexibility referred to in *Teamsters* relates to the "elements of proof" and not the burden of proof. 431 U.S. at 358, 97 S.Ct. at 1866.

To the extent that Agarwal contends that the elements of McKee's proof are insufficient to support the district court's factual findings, he is merely reiterating the argument that these findings are erroneous. We consider this argument below.

### III

■ We review the district court's factual findings under the clearly erroneous standard of Fed.R.Civ.P. 52(a). We reverse only if we are definitely and firmly convinced that a mistake has been committed. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *Pack v. Energy Research & Development Admin.*, 566 F.2d 1111, 1113 (9th Cir. 1977).

■ Agarwal's prima facie case in support of his individual claim of discriminatory treatment rests on his own testimony recounting the events surrounding his termination. McKee's witnesses and documentary evidence contradict Agarwal's testimony. Agarwal argues that inconsistencies in McKee's evidence demonstrate that its version of events is only fabrication and pretext. Although inconsistencies should be considered in determining which evidence to believe when there is a conflict in the evidence, they are not decisive as a matter of law. The district court is properly charged with weighing such inconsistencies along with other factors in determining the credibility of the evidence before it. In view of Agarwal's failure to produce evidence corroborating his own testimony, we are not convinced that the district court erred in its determination that the facts were essentially those reported by McKee's witnesses.

■ Agarwal's class claims, that McKee initially assigned minority employees to positions for which they were over-qualified and later failed to promote them at rates commensurate with their ability, were supported by statistical evidence. The district court found that those statistics were sufficient to raise an inference of discrimination. McKee's rebuttal evidence highlighted deficiencies in Agarwal's statistics, and affirmatively demonstrated not only that there were business justifications for certain apparent inequities,[2] but also that minorities actually constituted a percentage of McKee's workforce higher than national, local and industry averages.

Because Agarwal offered no evidence that McKee's business justifications were mere pretext, we find no error in the district court's conclusion that McKee was not guilty of any discriminatory practices in hiring or promoting minorities. *See McDonnell, supra*, 411 U.S. at 802–04, 93 S.Ct. at 1824–25. The district court's findings indicate that the strengths and weaknesses of both parties' evidence were carefully weighed. Agarwal's insistence that his statistical showing of discrimination is sufficient misses the point. Agarwal's class claims must fail because he made no showing whatsoever that McKee's justifications were only pretext. Statistical evidence of the existence of defacto discrimination is not determinative of the pretext issue.

### IV

■ McKee, as cross appellant, appeals from the district court's denial of attorney's fees. McKee argues that the district court

---

**2.** McKee's evidence showed that job applicants are usually assigned to the jobs they apply for. McKee contended that when minority workers are hired at less skilled positions it is usually because their knowledge of American standards and terminology is not fluent. McKee's promotion data supported its contention that such individuals would be promoted as their familiarity with American technical language allowed. McKee also pointed out that minority employees frequently have degrees (while non-minority workers holding the same jobs do not) because foreign universities often award degrees for such disciplines as drafting which American universities seldom treat as degree programs.

applied an incorrect standard in assessing whether attorney's fees and costs should be awarded. Apparently the district court utilized the "bad faith" standard in denying McKee its attorney's fees. Subsequent to the district court's decision, the Supreme Court determined that the bad faith standard should not limit an award of attorney's fees under Title VII. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n.*, 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978). Instead, the Court determined that a prevailing defendant should be awarded its attorney's fees only when the plaintiff's actions could be characterized as "frivolous, unreasonable, or without foundation." *Id.* at 421, 98 S.Ct. at 700.

Although the district court may have applied the wrong standard, application of the correct standard would surely have led to the same result. Agarwal's case was well founded and its resolution a close question. The district court found that Agarwal established a prima facie case as to almost every part of his case. In such circumstances, the denial of legal fees and costs seems appropriate and the application of an incorrect standard was not reversible error.[3]

## V

The district court correctly allocated the burden of proof, made no reversible error in its findings of fact, and committed only harmless error in denying McKee's motion for attorney's fees and costs.

The judgment is AFFIRMED.

---

**3.** We need not reach the issue whether an award of costs should be controlled by the *Christiansburg* standard or the looser discretionary standard of Fed.R.Civ.P. 54(d). McKee concedes that the court considered factors other than bad faith in denying costs here. Therefore it appears that under any standard the district court would reach the same result, and a remand under those conditions would be pointless.