Dorothy W. SUMNER,
Plaintiff-Appellant,

v.

SAN DIEGO URBAN LEAGUE, INC.,
Defendant-Appellee.

No. 80–5836.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1981.

Decided July 20, 1982.

Kenneth L. Collins, Los Angeles, Cal., for plaintiff-appellant.

Bert W. Ritchey, Montgomery & Richey, San Diego, Cal., for defendant-appellee.

Before SCHROEDER, FLETCHER, and CANBY, Circuit Judges.

SCHROEDER, Circuit Judge:

Dorothy Sumner filed this employment discrimination action pursuant to 42 U.S.C. §§ 2000e *et seq.* claiming that she was terminated from her position as Director of Programs for the San Diego Urban League on account of her sex. Following a brief trial, the district court entered judgment for the defendant Urban League. In summary Findings of Fact and Conclusions of Law, the court made a single conclusory finding as the sole explanation of its decision. It found that plaintiff had "failed to prove by a preponderance of the evidence that she was discriminated against and terminated by reason of her sex."[1] We hold

---

1. The "findings of fact and conclusions of law" are reprinted below in their entirety:

FINDINGS OF FACT

1. This is an action brought by plaintiff Dorothy W. Sumner against defendant San Diego Urban League, Inc. for back pay under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. That plaintiff is a female.

3. That at all times pertinent herein, defendant was a corporation doing business in the State of California and operating its laws, and at all times pertinent was located in the Southern District of California.

4. That plaintiff commenced employment at defendant San Diego Urban League on or about August 1, 1968.

5. That plaintiff's employment was terminated by the Urban League on or about August 20, 1975.

6. That plaintiff failed to prove by a preponderance of the evidence that she was discriminated against and terminated by reason of her sex.

that the findings of the district court are insufficient to enable us to understand the basis for its decision under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and we remand for further findings.

In *McDonnell Douglas* and *Burdine,* the Supreme Court established the basic allocation of burdens and order of presentation of proof in cases involving alleged discriminatory treatment under Title VII. The Court set forth the now familiar three-part analysis: The plaintiff must first prove a prima facie case of discrimination by a preponderance of the evidence; a successful presentation of the prima facie case shifts the burden to the defendant "to articulate some legitimate, nondiscriminatory reason" for the disputed action; then, if the defendant carries this burden, the plaintiff has the opportunity to show by a preponderance of the evidence that the proferred reasons are but a pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 802–03, 93 S.Ct. at 1824–25.[2]

■ The Supreme Court's decision in *Burdine* refined the *McDonnell Douglas* procedure. It is clear after *Burdine* that while the plaintiff's burden of establishing a prima facie case is not onerous, the plaintiff nevertheless retains the burden of persuasion throughout the presentation of the

case. 450 U.S. at 252–56, 101 S.Ct. at 1093–95. If the plaintiff establishes a prima facie case, the defendant bears only a burden of going forward with additional evidence of legitimate nondiscriminatory reasons. The defendant does not take on a burden of persuasion. If the defendant satisfies the burden of production, "the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity." *Id.* at 255, 101 S.Ct. at 1095 (footnote omitted).

■ Although *McDonnell Douglas* and *Burdine* present detailed explanations of Title VII procedure, we recognize, as the Third Circuit has recently observed, that the order of proof at every discriminatory treatment trial need not be rigidly "compartmentalized." *Worthy v. United States Steel Corp.,* 616 F.2d 698, 701 (3d Cir. 1980). The findings of the district court should, however, be sufficiently clear and explicit so that the findings can be examined in the light of the evidence in the record and applicable legal principles. *Id.; Corley v. Jackson Police Dep't,* 566 F.2d 994, 1000 & n.8 (5th Cir. 1978) (district court's pro forma conclusions that plaintiffs' discharges were "proper" and "for good cause" insufficient to assure reviewing court that court had complied with either *McDonnell Douglas* standards or Fed.R.Civ.P. 52(a)).

■ The district court here addressed only the ultimate issue of discrimination.

CONCLUSIONS OF LAW

1. Any Conclusion of Law stated above as a Finding of Fact is incorporated herein by reference as though set forth at length.

2. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to Title [VII,] 42 U.S.C. § 2000e *et seq.,* and 28 U.S.C. § 1343(4).

3. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* does not prohibit discrimination in employment unless such discrimination is based upon race, color, religion, sex or national origin.

4. The burden was on plaintiff to show by a preponderance of the evidence that the defendant, as her employer, intentionally discriminated against her because of her sex.

5. That plaintiff has failed to show by a preponderance of the evidence that the defendant discriminated against or terminated her because of her sex.

6. That plaintiff is entitled to nothing by virtue of this action.

7. That defendant is entitled to recover from plaintiff taxable costs and disbursements.

---

2. The *McDonnell Douglas* order and allocation of proof has been widely applied to individual discrimination cases alleging disparate treatment in hiring, discharge, discipline, promotion, transfer, layoff, retaliation, and compensation. B. Schlei & P. Grossman, *Employment Discrimination Law* 311–13 (1979 Supp.). This court applies the *McDonnell Douglas* analysis in cases alleging discriminatory termination. *O'Brien v. Sky Chefs, Inc.,* 670 F.2d 864, 868–69 (9th Cir. 1982); *Douglas v. Anderson,* 656 F.2d 528, 532 (9th Cir. 1981) ("The *McDonnell Douglas* standards are flexible and can be modified to accommodate a claim of discriminatory discharge"); *Agarwal v. Arthur G. McKee & Co.,* 644 F.2d 803 (9th Cir. 1981).

Although the plaintiff bears the ultimate burden of proving discrimination, the shifting intermediate burdens of going forward are intended to "bring the litigants and the court expeditiously and fairly to this ultimate question." *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093. The Findings of Fact and Conclusions of Law under Rule 52 should serve rather than defeat that purpose, and that purpose can be served only if the findings and conclusions address the intermediate issues. *See Lynn v. Regents of the University of California*, 656 F.2d 1337, 1344 (9th Cir. 1981) (*McDonnell Douglas* process would be frustrated if the three-step analysis were "collapsed" into one step, citing *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 24 n.1, 99 S.Ct. 295, 295 n.1, 58 L.Ed.2d 216 (1978) (per curiam)).

While this Circuit has not previously discussed the need for findings keyed to the *McDonnell Douglas-Burdine* analysis in employment discrimination cases,[3] this Circuit has consistently interpreted Rule 52(a) of the Federal Rules of Civil Procedure to require that findings be "so explicit as to give the appellate court a clear understanding of the basis of the trial court's decision . . . ." *Irish v. United States*, 225 F.2d 3, 8 (9th Cir. 1955). *Accord, South-Western Publishing Co. v. Simons*, 651 F.2d 653, 655 (9th Cir. 1981), *cert. denied*, ─── U.S. ───, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); *Alpha Distributing Co. v. Jack Daniel Distillery*, 454 F.2d 442, 453 (9th Cir. 1972), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *In re Laguna Lake Mobile Home Park*, 439 F.2d 4, 5 (9th Cir. 1971).

We could, of course, affirm the district court without the need for further findings if the plaintiff could not prevail under any possible interpretation of the evidence. Thus, the lack of reference to *McDonnell Douglas* standards would not adversely affect our ability to review this case if the evidence was insufficient, as a matter of law, to create a prima facie case.

■ There is in this case, however, ample evidence which would support a finding that the plaintiff proved a prima facie case. This record contains evidence of plaintiff's qualifications for the job; it contains an EEOC determination of reasonable cause to believe that the plaintiff was treated in a disparate manner. *See Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 504–05 (9th Cir. 1981); *Bradshaw v. Zoological Soc'y*, 569 F.2d 1066, 1068–69 (9th Cir. 1978) (EEOC determinations admissible in Title VII suit, with weight determined by trier of fact). There is also evidence, albeit contradicted, of discriminatory animus in the remarks of plaintiff's superior that women of appellant's age should be at home rather than working. We cannot tell how the trier of fact evaluated any of the evidence, and we in turn are therefore unable to evaluate the contentions of the parties with respect to later phases of the *McDonnell Douglas-Burdine* analysis.

The judgment of the district court is vacated and the case is remanded for further findings which, in the discretion of the district court, may be on the basis of the existing record or upon a record supplemented by additional evidence.

Reversed and remanded.

---

3. We note that this court in *Ward v. Westland Plastics, Inc.*, 651 F.2d 1266 (9th Cir. 1980), stated that the lower court's failure to direct its findings to the specific stages of the *McDonnell Douglas* analysis was neither "improper nor unusual." *Id.* at 1269. *Ward* was decided before the Supreme Court's decision in *Burdine*, which gave new emphasis to the importance of the *McDonnell Douglas* allocation of burdens and order of presentation of proof.