William N. WEBER, M.D., Plaintiff—Appellant,

v.

R. James NICHOLSON, Secretary of Veterans Affairs, Defendant—Appellee.

No. 06–35047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 5, 2007.

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bruce M. Spencer, Esq., Smith Law Firm, Helena, MT, for Plaintiff–Appellant.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Billings, MT, for Defendant–Appellee.

Before: GOULD and PAEZ, Circuit Judges, and STROM *, District Judge.

MEMORANDUM **

In this age discrimination case, William N. Weber, M.D., appeals the district court's judgment in favor of the U.S. Department of Veterans Affairs and R. James Nicholson, Secretary of Veterans Affairs. Weber challenges the district court's judgment on two principal grounds: the adequacy of the court's findings of fact and the merits of the court's ultimate decision rejecting his claims. Because we agree with Weber's first argument, we vacate the judgement and remand for further findings. In so doing, we express no views on the merits of Weber's claims.

Federal Civil Rule of Procedure 52(a) requires the district court to "find the facts specially." We have interpreted Rule 52(a) to require that the district court's findings "be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." *Alpha Distrib. Co. v. Jack Daniel Distillery,* 454 F.2d 442, 453 (9th Cir.1972). In discrimination cases we have clarified that "understand[ing] the basis" of a decision requires that district court findings "respond" to the "proper order of proof" as established under *McDonnell Douglas* and *Burdine. See Norris v. City & County of San Francisco,* 900 F.2d 1326, 1329 (9th Cir.1990) (referring to *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). "[S]hifting burdens [pro-

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

motes] the orderly presentation of evidence and '[brings] the litigants and the court expeditiously and fairly to [the] ultimate question' ... Title VII cases cannot be served if the district court does not address these intermediate issues." *Norris,* 900 F.2d at 1329 (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089); *see also Sumner v. San Diego Urban League, Inc.,* 681 F.2d 1140, 1142–43 (9th Cir.1982) (requiring that district courts do more than address the "ultimate issue" of discrimination).

■ Here, the district court failed to address *any* of the intermediate issues mandated by *Norris.* Although the district court's findings of fact recount Weber's employment history with the VA, on the critical factual issues, the court summarily found that the "record in this case is void of any evidence" that age played a role in any of the actions taken against Weber and that Weber's allegations of age discrimination were "groundless." The court then concluded in summary fashion that "the evidence failed to establish any acts or omissions by Defendant constituting disparate treatment, hostile work environment or retaliation under the ADEA."

The district court's summary findings do not allow this court to determine on what basis the district court rejected Weber's claims. While there is no need to "rigidly compartmentaliz[e]" the order of proof, *Sumner,* 681 F.2d at 1142 (citation and internal quotation marks omitted), the district court does not address much of the relevant evidence and gives little hint about how the intermediate issues and specific credibility determinations were reasoned or resolved, other than flatly resolving all of them against Weber. That neither we, nor the parties to this appeal, are able to determine whether the district

court found that Weber made out a prima facie case on any—or all—of his three claims, highlights the inadequacy of the district court's findings.

■ Where the district court's findings leave us in the position of second-guessing the basis of the court's ultimate conclusions, we must remand the case for further findings unless the plaintiff could not prevail under "*any* possible interpretation of the evidence." *Sumner,* 681 F.2d at 1143 (emphasis added). We have reviewed the record and conclude that Weber has made this minimal showing. We therefore vacate the judgment and remand to the district court to make further findings that address the relevant factual issues and respond to the appropriate order of proof in accordance with Rule 52(a) and *Norris.*

**JUDGMENT VACATED; REMANDED.**