Bruce WORKMAN;  Janet C.
Workman, Plaintiffs,

and

Jeffrey B. Workman, Plaintiff—
Appellant,

v.

DISTRICT 13 TANQUE VERDE UNI-
FIED SCHOOL DISTRICT;  Roger F.
Hill individually and as an employee
of Tanque Verde Unified School Dis-
trict;  Ed Soto, individually and as an
employee of Tanque Verde Unified
School District;  Patrick Dallabetta
individually and as an employee of
Tanque Verde Unified School District;
Clarence W. Dupnik, as agent for
Pima County Sheriff's Department;
William Phillips, Deputy Sheriff
Badge No. 886;  Robert Murray, Depu-
ty Sheriff, Badge No. 1308;  Unknown
Deputy, Sheriff Badge unknown;  indi-
vidually and as employee of Pima
County Sheriff's Department;  John
Does 1–3;  Mary Roes 1–3;  XYZ Cor-
porations;  ABC Partnerships;  LMN
Sole Proprietorship;  William C. Hol-
den Attorney, Deputy # 1308, Defen-
dants—Appellees.

No. 06–15567.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 2008.*

Filed Dec. 23, 2008.

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.

R.App.

Jeffrey B. Workman, Tucson, AZ, pro se.

John R. McDonald, Esq., Deconcini, McDonald, Brammer, Yetwin & Lacy, Thomas E. Dugal, Pima County Attorney's Office, Tucson, AZ, for Defendants–Appellees.

Before: TASHIMA, BERZON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jeffrey B. Workman appeals *pro se* from the district court's judgment for defen-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. P. 34(a)(2)(C).

dants in his 42 U.S.C. § 1983 action alleging excessive force, due process violations, and various state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and vacate and remand in part.

We review de novo the district court's grant of summary judgment. *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). On appeal of a judgment following a court trial, we ordinarily review the court's findings of fact under Federal Rule of Civil Procedure 52(a) for clear error. *See* Fed.R.Civ.P. 52(a)(6). Where, however, the district court fails to make findings of fact, we review whether the findings that are made are "sufficient to permit meaningful review." *FTC v. Enforma Natural Prods., Inc.,* 362 F.3d 1204, 1212 (9th Cir.2004) (citation omitted); *see also Swanson v. Levy,* 509 F.2d 859, 861 (9th Cir.1975).

■ 1. The district court properly granted summary judgment in favor of the School District defendants on Workman's excessive force claim because there was no evidence, and thus no dispute, that any of these defendants touched Workman or had any control over the police officers who allegedly touched Workman. *See Jones v. Williams,* 297 F.3d 930, 934–35 (9th Cir. 2002) (requiring a showing of personal participation in the alleged rights' deprivation in order for a person to be liable under § 1983).

■ 2. The district court properly granted summary judgment in favor of District Superintendent Dallabetta because Workman did not raise a triable issue of fact as to whether Dallabetta played an instrumental role in suspending Workman from school or denied him due process in connection with the suspension. *See Preschooler II v. Clark County Sch. Bd. of Trustees,* 479 F.3d 1175, 1182 (9th Cir.2007) (holding that a supervisor is liable for the acts of his subordinates only if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them); *Goss v. Lopez,* 419 U.S. 565, 579–84, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (describing minimal due process requirements for students suspended for 10 days or less).

■ 3. The district court also properly granted summary judgment in favor of the Sheriff's Department defendants on Workman's state law claims for false imprisonment, malicious prosecution, and wrongful arrest because Workman failed to show that the officers lacked probable cause for the arrest. *See Gasho v. United States,* 39 F.3d 1420, 1427 (9th Cir.1994) (explaining that under Arizona law probable cause is an absolute defense to a claim of false arrest and imprisonment); *Bradshaw v. State Farm Mut. Auto. Ins. Co.,* 157 Ariz. 411, 758 P.2d 1313, 1319 (1988) (noting that a malicious prosecution claim requires proof that a legal action was brought without probable cause).

■ 4. The district court entered judgment in favor of the Sheriff's Department defendants after a court trial on Workman's excessive force claim. The substantive inquiry on such a claim is whether the force that was used to effect a particular seizure was reasonable. *See Forrester v. City of San Diego,* 25 F.3d 804, 806–08 (9th Cir.1994). Here, however, the district court failed to make *any* findings of fact on this issue. We have "consistently interpreted Rule 52(a) ... to require that findings be 'so explicit as to give the appellate court a clear understanding of the basis of the trial court's decision....'" *Sumner v. San Diego Urban League, Inc.,* 681 F.2d 1140, 1143 (9th Cir.1982) (quoting *Irish v. United States,* 225 F.2d 3, 8 (9th Cir.1955) (first ellipsis added) (other citations omitted)). *Sumner* further teaches that "[w]e

could, of course, affirm the district court without the need for further findings if the plaintiff could not prevail under any possible interpretation of the evidence." *Id.* That, however, is not the case here. On the factual issue of whether any excessive force was used, *e.g.*, whether the arresting officer placed the handcuffs on Workman too tightly, the evidence is controverted. Workman testified that the handcuffs were placed too tightly, that he complained of pain, and that he suffered bruises. On the other hand, other witnesses testified that there was no use of excessive force against Workman. Because we are unable fairly to review the court's judgment without the benefit of *any* findings of fact on this issue, we must remand this claim for the making of such findings.[1]

■ **5.** The district court properly entered judgment in favor of the School District defendants on Workman's due process claim because the relevant evidence adduced at trial is undisputed, and shows that Workman was afforded adequate notice and an opportunity to be heard regarding his five-day suspension. *See Goss,* 419 U.S. at 581–82, 95 S.Ct. 729.

**6.** We decline to address Workman's challenges to the evidentiary rulings he now contests because they have been waived by his lack of objection to those rulings in the district court. *See Drummond ex rel. Drummond v. City of Anaheim,* 343 F.3d 1052, 1058 n. 5 (9th Cir.

2003) (concluding that plaintiff waived challenges to evidentiary rulings by failing to object).

■ **7.** Contrary to Workman's contentions, the district court did not abuse its discretion by examining witnesses or addressing Workman in its closing remarks following the bench trial. *See Price v. Kramer,* 200 F.3d 1237, 1253 (9th Cir.2000) (explaining that trial judge may participate in the examination of witnesses for the purpose of clarifying the evidence and concluding that plaintiff's allegations regarding judge's conduct were unfounded). To the extent Workman contends that the trial judge's conduct exhibited bias, we reject that contention. The facts do not even approach a showing of "actual bias" necessary to sustain reversal.[2] *See id.* at 1252.

■ **8.** Finally, Workman contends that costs should not have been taxed against him in favor of the Sheriff's Department defendants because of his modest financial circumstances. Because we partially vacate the judgment in favor of the Sheriff's Department defendants, we also vacate the award of costs in their favor as the prevailing party. The district court will enter a new judgment in favor of the prevailing party after making its findings of fact on the excessive force claim. The prevailing party will have the opportunity to seek costs at that time.[3]

---

1. In the discretion of the district court, its findings "may be on the basis of the existing record or upon a record supplemented by additional evidence." *Sumner,* 681 F.2d at 1143.

2. With respect to Workman's claims that the district judge's conduct violated judicial ethics, he asserts those claims in the wrong forum. *See* 28 U.S.C. § 351 *et seq.; see also In re Complaint of Judicial Misconduct,* 527 F.3d 792 (9th Cir. Jud. Council 2008).

3. We note that on appeal we review an award of costs or the refusal to award costs for abuse of discretion. *See Ass'n of Mexican–Am. Educators v. California,* 231 F.3d 572, 592 (9th Cir.2000) (en banc). Except for claiming outstanding undergraduate loans, Workman made no showing to the district court of his overall financial condition, a showing he can seek to make in the event he again is in a position to oppose the award of costs against him.

The judgment of the district court in favor of the School District defendants is **AFFIRMED.** The judgment of the district court in favor of the Sheriff's Department defendants and the accompanying costs order are **VACATED and RE-MANDED** as to Workman's excessive force claim, but the judgment is otherwise **AFFIRMED.** Each party shall bear his or its own costs on appeal.