William N. WEBER, M.D.,
Plaintiff–Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS; et al., Defendants–
Appellees.

No. 08–35799.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2009.*

Filed Oct. 26, 2009.

Bruce M. Spencer, Esquire, Smith Law Firm, P.C., Helena, MT, for Plaintiff–Appellant.

Lori Anne Harper Suek, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

Before: O'SCANNLAIN and N.R. SMITH, Circuit Judges, and WHYTE,** District Judge.

### MEMORANDUM ***

This appeal comes before us following remand in *Weber v. Nicholson,* 253 Fed. Appx. 672 (9th Cir.2007). There, we vacat-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed the district court's findings of facts and conclusions of law, made after a bench trial. We remanded, because the district court had not made its factual findings in the framework formulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Weber*, 253 Fed.Appx. at 674. Following remand, the district court revised its factual findings and detailed them according to the *McDonnell* burden-shifting framework. *Weber v. Peake*, No. CV 02–10–H–SEH, 2008 WL 3200849 (D.Mont. Aug.7, 2008). The district court again concluded there was no age discrimination, dismissed the case, and entered judgment for the defendants.

William N. Weber, M.D. ("Weber") now appeals the district court's conclusions that the record did not support a finding of age discrimination under the Age Discrimination Employment Act, 29 U.S.C. §§ 621–634. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

When reviewing a district court's factual findings, we employ a "clearly erroneous" standard. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). A finding is clearly erroneous only if "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Sutton v. Atl. Richfield Co.*, 646 F.2d 407, 412 (9th Cir.1981) (quoting *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969)).

The district court did not clearly err when it found that Weber's dismissal was a product of legitimate concerns about his professional competence, not a product of age discrimination. The district court relied on the negative peer reviews of Weber's work, the various complaints from personnel, the investigation report concerning the pneumothorax incident, and a supervis-

ing physician's two negative assessments. It further noted the inconsistencies and lack of credibility in both Weber's testimony and in his case generally. Given the substantial evidence against Weber and the deference afforded the district courts in these matters, we cannot say that the district judge clearly erred in dismissing Weber's age discrimination complaint. *See Sutton*, 646 F.2d at 411 (Factual findings "dependent upon credibility determinations [are] largely insulated from appellate review."); *see also United States v. Elliott*, 322 F.3d 710, 715 (9th Cir.2003) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (internal quotation marks and citation omitted).

Weber also argues the district court erred by not making sufficiently detailed findings to support its decision. *See Sumner v. San Diego Urban League, Inc.*, 681 F.2d 1140, 1142 (9th Cir.1982) ("The findings of the district court should ... be sufficiently clear and explicit so that the findings can be examined in the light of the evidence in the record and applicable legal principles") (citing *Worthy v. U.S. Steel Corp.*, 616 F.2d 698, 701 (3d Cir. 1980)). We disagree. The district court fully explained why Weber's allegations failed under any of the three age discrimination theories he asserted, and it did so according to the burden-shifting framework outlined in *McDonnell*. *Weber*, 2008 WL 3200849, at *7–10. Weber's argument that the district court failed to sufficiently detail its findings simply has no merit. We therefore affirm the district court's dismissal of Weber's complaint on all grounds.

AFFIRMED.