(No. 25148.— )
THE STATE BANK OF ST. CHARLES, Appellee, *vs.* JAMES H. BURR *et al.* Appellants.

*Opinion filed October 10, 1939.*

C. SIDNEY VAN DUZER, for appellants.

D. A. GREEN, and JOHN K. NEWHALL, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On November 9, 1938, appellant James H. Burr, filed a petition in a foreclosure suit in the circuit court of Kane county in which he was a defendant. A decree of foreclosure entered on October 22, 1936, had been affirmed by

the Appellate Court. (*State Bank of St. Charles* v. *Burr,* 295 Ill. App. 15.) The petition alleged that on February 13, 1936, the State Bank of St. Charles filed its complaint to foreclose certain trust deeds on real estate; that Burr filed an answer and a counter-claim on which he demanded a jury trial. The issues on the counter-claim were transferred to the law docket and were tried by a jury, resulting in a verdict for Burr for $8000. A motion for new trial was overruled and on October 15, 1936, judgment was entered on the verdict. In the foreclosure decree the judgment of $8000 was allowed as a credit and deducted from the mortgage indebtedness of $39,201.35 and was decreed to be satisfied. The decree awarded foreclosure for the balance of $31,201.35. The petitioner represented that the court was without jurisdiction to decree the set-off of the judgment against the amount found due the plaintiff in the foreclosure suit or to decree the judgment satisfied; that the set-off and satisfaction of the judgment for $8000 was, in effect, the rendition of a personal judgment for money against petitioner in a foreclosure proceeding and was wholly extra-judicial; that such lack of jurisdiction was apparent from the face of the record; that the set-off was not made pursuant to the prayer of the complaint or counter-claim or pursuant to anything appearing in the pleadings when the decree was entered; and that no amendments were made to make the pleadings correspond to the relief granted. The petition prayed that this part of the decree be expunged and the judgment on the counter-claim be declared to be in full force and effect. James H. Burr and Annette Burr perfected an appeal to the Appellate Court for the Second District from the decree of foreclosure and James H. Burr perfected a separate appeal from the judgment on the counter-claim. The contention that the court had no power to set off the judgment for the counter-claim against the amount due on the mortgage and to declare the judgment satisfied was overruled after full consideration by the Ap-

pellate Court. (*State Bank of St. Charles* v. *Burr, supra.*) Thereafter we denied leave to appeal. 295 Ill. App. xxvi.

On November 14, 1938, while their first petition was still undisposed of appellants filed a second petition alleging that within twenty days from the entry of the decree of foreclosure, they filed their notice of appeal and proof of service, and within thirty days from the entry of that decree the court entered an order fixing the amount and terms of an appeal bond and extended time for filing it and authorized the clerk of the court to approve the security thereon. The bond was fixed at $250, conditioned that appellants should prosecute the appeal and pay the costs in case the decree appealed from should be affirmed. Notice was given and the bond was filed within the extended time, on December 3, 1936. The petition alleges that after the filing and approval of the appeal bond and while the case was pending in the Appellate Court, the master in chancery advertised the premises described in the decree for sale and on January 6, 1937, sold them to the appellee, the State Bank of St. Charles. It was alleged that the filing and approval of this appeal bond made the notice of appeal a *supersedeas,* but that the master's sale was made in violation of the *supersedeas* and without authority in law. The report of sale was alleged to have been approved on January 29, 1937, without notice to petitioners. A master's deed was issued on April 22, 1938, and filed for record June 9, 1938. The prayer of this petition was that an order be entered setting aside the master's sale, the order approving his report of sale and distribution, and canceling the certificate of sale and deed.

Appellee filed motions to strike both petitions. The motion to strike the first petition was based on the contention that the matters set up in that petition were *res judicata.* The motion to strike the second petition charged that appellants never gave notice of their intention to ask that the notice of appeal be made a *supersedeas* by the giving and

filing of a *supersedeas* bond, and that the bond filed did not operate as a *supersedeas* and was of no legal effect as a *supersedeas* bond. Appellee had asked for a writ of assist-ance on November 4, 1938. The court denied the prayer of both petitions, allowed the motions to strike them and awarded the writ of assistance. This appeal was perfected directly to this court.

Appellants contend that the trial court was without jurisdiction to decree that the $8000-judgment entered on the counter-claim was a proper offset against the amount found due on the mortgage indebtedness. They claim that this amounts to the entry of a personal decree against the mortgage debtor before the property is sold, in violation of section 16 of the statute on mortgages. (Ill. Rev. Stat. chap. 95, par. 17.) They insist that the decree of foreclosure is void and that its affirmance by the Appellate Court did not make it valid so as to bar this collateral attack. This same question was urged in the Appellate Court and found to contain no merit, and, as stated above, we denied leave to appeal. If the decree were void, it could be collaterally attacked in this proceeding, but we are of the opinion it is not even erroneous. Section 38(1) of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 162) provides: "Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counter-claim." There is no rule of this court which prevents a joining of the various issues involved in this proceeding in a single action. The language quoted clearly permits the filing of a counter-claim in a suit to foreclose a mortgage. However, the Civil Practice act would not permit the entry of an unconditional personal decree against the

defendant before sale, contrary to section 16 of the Mortgage statute. But the decree of foreclosure is not in the record, and it does not affirmatively appear that such a decree was entered. Section 16 of the statute on mortgages does not prevent the chancellor from adjusting the equities between the mortgagor and the mortgagee and entering a decree for the net amount of the lien. If the judgment on the counter-claim exceeded the amount due the mortgagee, foreclosure should not be allowed. Neither should the mortgagee, in such a case, be barred from setting off the amount of the mortgage indebtedness against the judgment on the counter-claim. It is no bar to setting off the judgment on the counter-claim that it was in favor of James H. Burr alone, while the mortgage indebtedness was a joint and several obligation of Burr and his wife. (*Heiple* v. *Lehman*, 358 Ill. 222.) The appellants rely on *People* v. *Frick*, 367 Ill. 446, but that case is not in point. Frick was sued for taxes he had collected and had retained. We held that he was entitled to recover a judgment against the county on his counter-claim for money due him for feeding prisoners but that he could not deduct from the undistributed tax money, the amount adjudged to be due him although, under the Civil Practice act it was proper for him to obtain such a judgment in the same suit. This contention must be overruled.

Appellants contend that under the facts the statute made the notice of appeal a *supersedeas* and that the trial court erred in refusing to set aside the master's sale, the order approving his report, his certificate of sale and deed. Appellee says that the appeal did not operate as a *supersedeas*, because the petition did not allege that notice was served on appellee of the giving and filing of the bond. The petition expressly alleges that such notice was given and appellee's motion to strike admits the facts alleged in the petition. In addition the record shows that the appellee receipted the appellants for a notice on November 12, 1938,

that they would present their motion on the next day to the trial court to fix the amount of the *supersedeas* bond, for an extension of time within which to file it, and that the clerk be authorized to approve the bond. Appellee says this notice was insufficient, because it does not say which of the two appeals is involved. This objection is technical. Appellee was also served with notice that appellants would appear before the clerk to have both bonds approved. If it did not consider that it had been properly notified it could have urged the point in the trial court and could have had that court's ruling reviewed on appeal. Appellee also says that the bond given is a cost bond and not a *supersedeas* bond. It could have attacked the sufficiency and form of the bond in the same way. It could not proceed to sell the land in disregard of the *supersedeas*. In *Retzinger* v. *Retzinger*, 337 Ill. 378, we set aside a sale of real estate to pay debts where the appeal had been made a *supersedeas*, notwithstanding the first appeal was later dismissed because of defects in the bond. We said the executrix had no right to assume the defectiveness of the bond, since she was not invested with any judicial powers, and was bound to abide by the judgment of the court allowing the appeal. That decision is applicable here, and it follows that the master had no power to proceed to sell the land. Appellee insists that it was necessary to obtain an order making the appeal a *supersedeas*. Section 82 of the Civil Practice act provides: "(1) An appeal to the Appellate or Supreme Court shall operate as a *supersedeas* only if and when the appellant, after notice duly served, shall give and file a bond, in a reasonable amount to secure the adverse party." There is no requirement that an order shall be entered making an appeal a *supersedeas*, where the notice of appeal is served within twenty days after entry of the order appealed from and a bond is filed within thirty days or within such further extended time as the trial court shall allow within such thirty days. The only requirements under the act are that

within due time the appellant "shall give and file a bond in a reasonable amount," after notice duly served. Rule 37 of this court applies to *supersedeas* in reviewing courts and is inapplicable. Appellants' contention must be sustained.

That part of the decree of the circuit court denying appellants' petition to vacate the portion of the decree of foreclosure which offset the judgment on the counter-claim against the balance due on the mortgage is affirmed. That part of the decree which denied appellants' petition to set aside the master's sale, the order approving his report, his certificate and deed is reversed, and the cause is remanded to the circuit court for proceedings not inconsistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*