William H. Tegtmeyer et al., Appellees, v. Daisy C. Tegtmeyer, Appellant.

Gen. No. 41,733.

 Heard in the first division of this court for the first district at the June term, 1941. Opinion filed March 23, 1942. Rehearing denied April 7, 1942.

CHARLES S. HARVEY, of Chicago, for appellant.

JOHN HARRINGTON and LORD, BISSELL & KADYK, all of Chicago, for appellees; L. DUNCAN LLOYD, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This case in various phases has been before this court and the Supreme Court several times. *Tegtmeyer v. Tegtmeyer*, 259 Ill. App. 661; 348 Ill. 434; 292 Ill. App. 434; 306 Ill. App. 169.

The Supreme Court, when the case was before it, stated the facts, which need not be repeated, and held Mrs. Tegtmeyer should account for a trust fund of $5,000 created by the written agreement of her husband Edward with other heirs of his parents, Henry and Louise Tegtmeyer, who died at Burlington, Iowa (Louise on March 19, 1907, and Henry on October 12, 1912). The written agreement was entered into October 20, 1913. The occasion for making it was that Frank Tegtmeyer (son of Henry and Louise) who had been accustomed to disappear from home, had not appeared to claim his share of the estate of his father. The agreement provided that $5,000 should be deposited in a reliable bank by Edward, who was administrator of Henry's estate, for a period of ten

years, and if Frank did not appear by that time it should be distributed equally among the heirs of Henry and Louise. Mrs. Tegtmeyer signed the agreement (it is expressly stated) as a guarantor. Edward did not keep the money in a reliable bank. On the contrary he used it with $13,000 more, belonging to himself and wife, in purchasing August 21, 1913, vacant real estate in Chicago known as 5463-69 Everett avenue. Title was taken in the names of himself and Mrs. Tegtmeyer as joint tenants. Edward died intestate November 1, 1924. Mrs. Tegtmeyer became the sole owner of the premises. She was asked to account, refused, and this suit was begun by other parties to the agreement March 11, 1925.

March 18, 1925, Mrs. Tegtmeyer contracted to sell the real estate. She applied to the Chicago Title & Trust Company for a guaranty policy. The Trust Company required a deposit of $10,000 to indemnify it against the suit. She deposited the $10,000 and completed the sale on April 20, 1925, delivering the deed to the purchaser and receiving proceeds to the amount of $46,240.01.

For this amount the decree of March 18, 1930 (affirmed by this court in 259 Ill. App. 661, by the Supreme Court, 348 Ill. 434) directs Mrs. Tegtmeyer to account.

This appeal is from the final decree on the accounting entered on the report of a master March 13, 1941. The decree finds there is due from Mrs. Tegtmeyer to plaintiffs $24,654.26, and directs payment and distribution to them according to their respective interests.

Mrs. Tegtmeyer contends the decree should be reversed with directions to dismiss the suit for alleged laches of plaintiffs in failing to present the report of the master at an earlier date. The delay was unusual. The cause was referred March 18, 1930. The master reported December 20, 1933. Mrs. Tegtmeyer filed ob-

jections June 9, 1934. The report was filed in the circuit court on the same day. The decree as stated was entered March 13, 1941. For much of the delay Mrs. Tegtmeyer must herself be held responsible. Every appeal in this long litigation has been taken by her. She refused to testify when directed to do so (292 Ill. App. 434); she refused to comply with orders of the court, and when committed sought release but not in the way indicated by this court (306 Ill. App. 169). She is in no position to urge the defense of laches. In 292 Ill. App. 436, we said of this litigation: ". . . Neither party has rested on its oars but the battle has been continuous throughout the years."

Mrs. Tegtmeyer says the decree should be reversed because just credits were not allowed to her. The decree of March 18, 1930, directed she file her account within 30 days. She filed it and afterwards a corrected account on September 6, 1932. This account showed the purchase of the vacant land for $18,000 and the payment of taxes and special assessments to the proper officials by Edward and Daisy Tegtmeyer during the time they held title. She also claimed interest from the respective dates of payment. The report and the decree say Mrs. Tegtmeyer acted wrongfully and was not, therefore, entitled to these credits. This rather than lack of proof seems to have been the reason for disallowance. The statement of account is in the record. There is no specific objection to it on this ground. Mrs. Tegtmeyer's first exception was to the failure of the master to allow these items. Two days after the decree was entered she filed a petition to set it aside. In support she filed her verified petition setting up in detail these payments. Mrs. Tegtmeyer obtained a guaranty policy from the Chicago Title and Trust Company. She would have to clean up such items as taxes and special assessments to get it. Judges are not supposed to be ignorant of what everybody else knows. It is suggested Mrs. Tegt-

meyer was a trustee *de son tort* and should not be allowed these items claimed for that reason. Mrs. Tegtmeyer did not stand in that position up to the time the sale of the land was made. At the inception of the trust Mrs. Tegtmeyer had no interest in the trust fund nor any duty to perform with reference to it. The trust agreement provides her signature is attached in order to guarantee performance of the trust. Her initial obligation was therefore purely contractual and contingent. The purchase of the vacant land was made by Edward. The agreement provided the money should be deposited in a reliable bank. Plaintiffs would have been entitled to disavow the investment and recover the principal amount due to them with interest. They elected to regard the vacant land as trust property and to accept their share of the proceeds derived from the purchase in lieu of interest. In an accounting on that basis we hold Mrs. Tegtmeyer is entitled to these credits.

The whole amount paid for taxes and special assessments (as indicated by Mrs. Tegtmeyer's account) with interest thereon, from the dates of payment, at 5 per cent per annum, amounts to the sum of $10,536.20. The trust fund was owned by the parties $14\frac{2}{18}$ths by Mrs. Tegtmeyer and $\frac{4}{18}$ths by the plaintiffs. Plaintiffs' share of the whole amount thus paid is, therefore, $2,341.38. This sum should have been deducted from the whole amount for which judgment was rendered against Mrs. Tegtmeyer. The whole amount she should have been decreed to pay is $22,312.92, and the amounts found due from her to the respective parties should be reduced proportionately on that basis. The whole amount due to Minnie Tegtmeyer as administratrix of the estate of William Tegtmeyer, deceased, should be reduced from $5,181.01 to $4,595.67. The amount found due to Louis J. Boock and Philip F. Abboud, executors of the estate of Anna L. Boock, deceased, should be reduced from $5,181.01 to $4,595.67. The amount due to William White

should be reduced from $1,727 to $1,531.89. The amount due to Wesley White should be reduced from $1,151.33 to $1,021.26. The amount found due to George White should be reduced from $1,151.33 to $1,021.26. The amount found due to Robert White should be reduced from $1,151.33 to $1,021.26. The amount found due to Louise A. Taubert (sometimes called Lillian Tegtmeyer Wilson) should be reduced from $2,590.50 to $2,297.83. The amount found due to Albert Nave Wilson (sometimes called Albert Nave) should be reduced from $2,590.50 to $2,297.83.

The net proceeds from the sale of the land were $46,240.01. Of this amount Mrs. Tegtmeyer deposited with the Chicago Title and Trust Company $10,000. For this and the proceeds of it the court later appointed a receiver, and it is in the custody of the court. If this $10,000 were applied on the amount due to plaintiffs at the time the proceeds of the sale of the real estate were received and credit given Mrs. Tegtmeyer for the payment of taxes and special assessments with interest thereon, it would be probably true (as she contends) that the rest of the proceeds would have belonged to her to do with it as she might please. This apparently is her theory. It cannot be accepted for the reason that neither at that time nor since has Mrs. Tegtmeyer made any accounting. She has never throughout this extended litigation offered to pay the whole or any part of the money she owes these plaintiffs. She cannot refuse to account and then claim the same benefits she would have had if she had accounted when she should have done so. This attitude of Mrs. Tegtmeyer has brought her into conflict with the law and the orders of the courts. For her misfortunes she has only herself to blame. Her wrongdoing began April 20, 1925, when she failed on demand to pay plaintiffs what was due to them.

The decree continues in force the *ne exeat* writ which was issued in 1933 pending the suit. The power of a court in this State to issue such a writ is regulated

by statute (Smith-Hurd's Ann. Stats., ch. 97, § 1, p. 822). Section 11 of the Act (p. 827) provides the court at any time may determine whether the writ should be quashed or set aside. The manifest purpose of such a writ (as its name indicates) is to prevent a defendant from going beyond the jurisdiction of the court and to compel an answer. It is not intended to be used as a substitute for punishment or as a means of life imprisonment. Mrs. Tegtmeyer has remained in the jurisdiction until the entry of the final decree. She answered the petition for the writ and denied the material averments of the petition. We hold she is entitled to be discharged from detention under that writ on her motion, as it has served its purpose. The commitment for contempt for refusal to answer proper questions is another matter and controlled by different principles so long as the case is pending.

In another respect (inadvertently, we cannot doubt) the decree errs. It directs that ''until this decree and *any decree that may be subsequently entered herein* . . . shall have been fully satisfied,'' she shall stand committed. This manifestly violates article 2, section 12 of the State Constitution.

The decree entered on the accounting will be modified by reducing the whole amount found due from Mrs. Tegtmeyer to be $22,312.92, and the sums found due from her to the respective plaintiffs will be proportionately reduced as above set forth. So modified, that part of the decree will be affirmed. Those parts of the decree which direct the continuance in force of the writ of *ne exeat* and that Mrs. Tegtmeyer stand committed until this decree, or any decree that may be subsequently entered, shall have been fully satisfied, will be reversed.

*Modified in part and affirmed and in part reversed.*

McSurely, P. J., and O'Connor, J., concur.