William H. Tegtmeyer et al., Appellees, v. Daisy C. Tegtmeyer, Appellant.

Gen. No. 42,841.

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed February 28, 1944. Rehearing denied March 14, 1944.

CHARLES S. HARVEY, of Chicago, for appellant.

LORD, BISSELL & KADYK, of Chicago, for appellee; L. DUNCAN LLOYD, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal defendant Daisy C. Tegtmeyer seeks to reverse two orders entered by the circuit court of Cook county striking her two petitions except as to paragraph 4 of the first one and dismissing the petitions except as to that paragraph.

Different phases of this case have been before this court and the Supreme Court several times, the first of which is reported in 259 Ill. App. 661 and the last

in 314 Ill. App. 16. During the litigation which began in 1925 defendant was taken under a writ of *ne exeat* and for failure to give bail she was committed to the common jail of Cook county. Afterward she was held to be in contempt of court for failure to turn over certain moneys involved in the litigation to the receiver appointed by the court and for failure to answer questions put to her on the hearing before the master in chancery to whom the cause was referred. After our opinion was handed down, which is reported in 306 Ill. App. 169, a final decree was entered March 13, 1941, based on the report which Mrs. Tegtmeyer had theretofore filed.

No further attempt was made to require her to answer the questions which she had theretofore refused to answer and for which she had been held in contempt of court. By the decree Mrs. Tegtmeyer was held liable to plaintiffs for $24,654.26. She appealed to this court where the decree was modified in part, affirmed and reversed in part. *Tegtmeyer v. Tegtmeyer,* 314 Ill. App. 16. Leave to appeal was denied by our Supreme Court. In that opinion in speaking of the writ of *ne exeat* under which she had at one time been held we said that the writ: "is not intended to be used as a substitute for punishment or as a means of life imprisonment. Mrs. Tegtmeyer has remained in the jurisdiction until the entry of the final decree. She answered the petition for the writ and denied the material averments of the petition. We hold she is entitled to be discharged from detention under that writ on her motion, as it has served its purpose." In the last paragraph of the opinion we said: "The decree entered on the accounting will be modified by reducing the whole amount found due from Mrs. Tegtmeyer to be $22,312.92, and the sums found due from her to the respective plaintiffs will be proportionately

reduced as above set forth. So modified, that part of the decree will be affirmed. Those parts of the decree which direct the continuance in force of the writ of *ne exeat* and that Mrs. Tegtmeyer stand committed until this decree, or any decree that may be subsequently entered, shall have been fully satisfied, will be reversed.''

Defendant filed her first petition which is involved on this appeal May 19, 1943, in which she set up many of the proceedings which had theretofore taken place in the suit among them being the matter of the contempt of court above referred to and the final decree entered March 13, 1941; that after the decision of this court reported in 306 Ill. App. 169, nothing further was done in the trial court for more than two and one-half years during all of which time she remained continuously in the jurisdiction of the court; that by virtue of the opinion and judgment of this court reported in 314 Ill. App. 16, the order holding her to be in contempt of court entered January 5, 1934, was superseded and in effect quashed and also all writs which had been issued against her. She further alleged in paragraph 4 of her petition that regardless of what construction was placed upon the opinion last mentioned she was unable to comply with the contempt order because she was destitute and her health was impaired.

In paragraph 5 she further alleged that on March 9, 1928, during the pendency of the litigation, counsel for plaintiffs obtained an injunction against her and the Chicago Title & Trust Co. enjoining the selling of certain shares of stock which were involved in the litigation which were worth $30,000 and that afterward the stock depreciated until it was worth but little more than $6,300 for which it was sold by order of the court thereby causing her to lose more than $23,000. And

that this loss should be applied in the satisfaction of the amount of $22,312.92 which she was decreed to pay plaintiffs. The prayer of her petition was that she be decreed to be purged of the contempt of court and that the amount she was decreed to pay plaintiffs be satisfied of record.

The second petition contained the same allegations except it omitted paragraph 5 above mentioned.

Since the decree entered March 13, 1941, which was before us in 314 Ill. App. 16, and which was subsequently amended October 7th, 1942 pursuant to the mandate of this court, the case was finally disposed of, and the order of January 5, 1934, by which she was adjudged to be in contempt of court for failure to answer questions and to turn over property to the receiver, is no longer to be considered in effect and therefore the court erred in failing to hold that that order was then of no further effect.

That part of the order appealed from by which the court refused to allow Mrs. Tegtmeyer credit for the claimed loss of the stock on account of the delay in disposing of it must be affirmed. The decree adjudicated the amount she was required to pay plaintiffs. It was not appealed from and is in full force and effect.

The orders appealed from are reversed in part and affirmed in part in accordance with the views herein expressed. The costs in this court will be divided equally between plaintiffs and defendant.

*Orders affirmed in part and reversed in part.*

NIEMEYER and MATCHETT, JJ., concur.