■ PIRANESI IMPORTS, INC., Appellant, v. FURNITURE TEXTILES & WALL-COVERINGS, INC., et al., Respondents.— Order entered June 18, 1968, unanimously modified on the law and the facts to deny the defendant's motion in its entirety, and is further modified on the law, the facts, and in the exercise of discretion to deny the plaintiff's cross motion, without prejudice to an appropriate application under the Business Corporation Law, and as so modified the order is affirmed, without costs or disbursements to either of the parties. The defendant brought this motion pursuant to CPLR 5021 (subd. [a], par. 2) to direct the clerk of the court to enter a satisfaction of a judgment dated April 22, 1964, entered in favor of the plaintiff against the defendant. Special Term ordered a hearing before a Referee on the issue of whether or not such judgment had been satisfied. The court also directed that the Sheriff of the City of New York be stayed pending a final determination of the motion "from making any sale under the outstanding execution." The defendant urges that the judgment be declared satisfied, not because he has in any manner paid it, but because of a claim he asserts against the plaintiff for a sum of money in an amount greater than that of the outstanding judgment. It is quite clear that the claim asserted has never been reduced to judgment. Nor has there been any other judicial determination that the plaintiff is indebted to the defendant. However, it is quite apparent that if defendant's assertion be true, such determination could have been had before the property which is subject to execution was turned over to the Sheriff. If this present assertion of a debt due defendant by the plaintiff be deemed sufficient to declare the judgment satisfied, it should have been sufficient as a defense against the application which resulted in the direction for the defendant to turn over to the Sheriff the stock held by him in order that it be sold and the proceeds applied against the judgment. He also could have raised the defense of satisfaction when he was held in contempt for failure to turn over the stock. Indeed, to now hold the judgment satisfied, for the reasons advanced by defendant, would be to undermine the order of the court directing defendant to turn over the stock, and the order which held him in contempt for failure to do so. We are thus asked to prevent the judgment creditor from executing on the assets of the debtor, merely upon an assertion of a claim by the debtor that there is money due him from the judgment creditor. It is our opinion that CPLR 5021 (subd. [a], par. 2), governing the entry of satisfaction of judgments, does not apply to this situation, and that the motion must be denied in its entirety. This is not to say that the defendant may not proceed in whatever other manner might be appropriate to seek a determination of his asserted claims against plaintiff. We believe that Special Term acted properly in denying plaintiff's cross motion to vacate and annul the certificate of dissolution filed by the defendant with the Secretary of State. However, it should not have been denied on the merits. Sufficient was shown to indicate that plaintiff might be entitled to the relief it sought. It would have been more appropriate to seek the relief under section 1008 of the Business Corporation Law which provides procedures to be followed in order to obtain the relief which the plaintiff seeks. Concur — Stevens, J. P., Tilzer, Markewich, Rabin and McNally, JJ.