**Patricia Ann DIAS, Plaintiff-Appellant,**

v.

**BANK OF HAWAII, Defendant-Appellee.**

**No. 83–1912.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 29, 1984.

Decided May 8, 1984.

John Harris Paer, Cheryl Tipton, Honolulu, Hawaii, for plaintiff-appellant.

George L. Dyer, Jr., Honolulu, Hawaii, for defendant-appellee.

Before CHOY, GOODWIN, and KENNEDY, Circuit Judges.

CHOY, Circuit Judge:

Patricia Dias appeals from the district court's order granting the Bank of Hawaii (the "Bank") relief from a Truth in Lending Act judgment under Fed.R.Civ.P. 60(b)(5). The court held that the Bank had satisfied

the $185 federal judgment by reducing its claim in a pending state court collection action by that amount. We reverse and remand.

## I. *Background*

In July 1982, Dias sued the Bank in United States district court alleging that its periodic statements regarding her VISA account violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* (1982). On or about December 1982, the Bank made an offer of judgment to Dias pursuant to Fed.R.Civ.P. 68. Dias accepted the offer and judgment was entered in her favor for $185 plus attorneys' fees and costs in December 1982.

Just before the federal judgment was filed, the Bank commenced a debt collection action against Dias in Hawaii state court for $718.01 allegedly due on Dias' VISA account. When the federal judgment was entered, the Bank paid the attorneys' fees and costs awarded by the district court to the Legal Aid Society of Hawaii, Dias' attorneys. Instead of paying Dias the $185, however, the Bank credited the amount to Dias' VISA account, reducing its state court claim against Dias to $533.01. The state court action to this day has not proceeded to judgment.

When the Bank asked Dias' attorneys to sign a form acknowledging satisfaction of the federal judgment, her attorneys refused. The Bank then moved for relief from Dias' judgment under Fed.R.Civ.P. 60(b)(5), requesting the court to order the judgment satisfied. In the alternative, the Bank asked the court to stay execution of the judgment pending decision of the state collection suit. The district court ordered the judgment satisfied, reasoning that "the bottom line is that it comes out the same." Dias now appeals.

## II. *Satisfaction of Judgment*

■ Dias contends that the TILA itself disposes of this case. She relies specifically on 15 U.S.C. § 1640(h) (1982):

A person may not take any action to offset any amount for which a creditor or assignee is potentially liable to such person under subsection (a)(2) of this section against any amount owed by such person, unless the amount of the creditor's or assignee's liability under this subchapter has been determined by judgment of a court of competent jurisdiction in an action of which such person was a party.

Dias does not fall within TILA's definition of "creditor" as one who regularly extends consumer credit. 15 U.S.C. § 1602(f)(1) (1982). However, the district court abused its discretion in holding, pursuant to Fed.R. Civ.P. 60(b)(5), that a reduction of a state *claim* satisfied a federal *judgment.*

The Bank argues that satisfaction of a judgment by offset against a pending claim would be authorized by Hawaii law. The Bank cites Fed.R.Civ.P. 69(a), which states:

The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held

. . . .

We have construed Rule 69(a) to mean that district courts, in the absence of an applicable federal statute, have the same authority to aid judgment creditors as that provided to state courts under local law. *Duchek v. Jacobi,* 646 F.2d 415, 417 (9th Cir.1981). The district court therefore has discretion to order a federal judgment satisfied if it finds that the judgment has been executed in accordance with state law.

The Bank relies on *Pacific Concrete Federal Credit Union v. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980). That case held that federal TILA claims may be raised in a collection action as a defense in the nature of recoupment. Contrary to the Bank's contention, however, the case did not hold that a TILA judgment may be satisfied by offset against a claim in a collection action. The case held that the federal claim may be raised as a defense in the collection action notwithstanding the statute of limitation normally applicable to TILA claims.

The Supreme Court of Hawaii has firmly established that judgments in cross-actions may be set off against each other, and that a party against whom judgment is rendered may in an appropriate case obtain a stay of execution if the party has a pending claim against the judgment creditor. *Gay v. Haiku Fruit and Packing Co.*, 29 Haw. 702, 710 (1927). This case does not aid the Bank, because its claim against Dias had not been reduced to judgment. The question of whether a stay of execution would be proper is not before us because the court below ruled that Dias' judgment had been satisfied.

Most state courts do not permit judgments to be satisfied by reduction of a pending claim. 47 Am.Jur.2d *Judgments* § 1011; 49 C.J.S. *Judgments* § 572. This is because a claim is only an assertion of an amount due. Allowing the satisfaction of a judgment against a mere claim would undermine the judgment creditor's right to have the judgment satisfied. *See Piranesi Imports, Inc. v. Furniture Textiles & Wallcoverings, Inc.*, 31 A.D.2d 742, 296 N.Y.S.2d 922 (1969).

In addition, allowing lenders to satisfy adverse TILA judgments by reducing their claims in other courts would frustrate the essential purpose of the Act. The TILA civil liability provisions were designed largely to encourage consumers to bring small damage actions and thereby promote creditor compliance with the Act. *See Hannon v. Security National Bank*, 537 F.2d 327, 328 (9th Cir.1976). Allowing creditors to offset TILA judgments against pending collection claims would discourage debtors from bringing TILA claims. We have reached a similar result in the bankruptcy context. In *Riggs v. Government Employees Financial Corp.*, 623 F.2d 68 (9th Cir.1980), a trustee in bankruptcy had obtained a TILA judgment against a creditor on behalf of the bankrupt debtor. The district court did not permit the TILA award to be set off against the creditor's claim and we affirmed. We reasoned that "[b]y allowing lenders to subtract Truth-in-Lending awards from amounts owed them

by bankrupt borrowers, the district court would eliminate any incentive for bankruptcy trustees to pursue Truth-in-Lending claims." *Id.* at 74.

We cannot accept the Bank's argument that its claim was a liquidated claim, for a sum certain, and that Dias' defenses in state court were clearly unmeritorious. The merit of the Bank's case against Dias is for the state courts to determine. The Bank also argues that it should not be forced to pay Dias' judgment because she is indigent and probably will be unable to pay any judgment rendered against her in state court. The Bank's allegations, however, present considerations favoring a stay of execution of the federal judgment rather than satisfaction of that judgment, a question that should be addressed to the district court upon remand.

### III. *Attorneys' Fees*

Our disposition of the case in Dias' favor entitles her to costs and reasonable attorneys' fees. *Ljepava v. M.L.S.C. Properties, Inc.*, 511 F.2d 935, 945 (9th Cir. 1975); 15 U.S.C. § 1640(a)(3) (1982). This court will determine the fee award after receiving appropriate documentation.

REVERSED and REMANDED.