**Patricia Ann DIAS, Plaintiff-Appellant,**

v.

**BANK OF HAWAII,**
**Defendant-Appellee.**

No. 84–2402.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 1985.

Decided July 2, 1985.

Farris, Circuit Judge, concurred and filed an opinion.

John Harris Paer, Cheryl Tipton, Honolulu, Hawaii, for plaintiff-appellant.

George L. Dyer, Jr., Honolulu, Hawaii, for defendant-appellee.

Before FARRIS, PREGERSON and BEEZER, Circuit Judges.

PER CURIAM:

On a second appeal to this court, Patricia Dias challenges the order of the Hawaii federal district court, Fong, J., which granted the Bank of Hawaii a stay of execution of her $185 judgment under the Truth in Lending Act. We find that we have jurisdiction to review a stay order to allow a setoff against a possible state judgment. However, we remand to the district court for findings of fact.

## FACTS

The facts are set forth in detail in our disposition of Dias' first appeal from an order declaring the judgment satisfied. *Dias v. Bank of Hawaii*, 732 F.2d 1401, 1402 (9th Cir.1984). Briefly, after suing the Bank for violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, Dias accepted an offer of judgment for $185 plus attorney fees and costs in December 1982. Instead of paying Dias the $185, however, the Bank credited that amount to Dias' VISA account, reducing the amount allegedly due to $533.01. The Bank also commenced a debt collection action against Dias in Hawaii state court. Two and a half years later, that action has not yet proceeded to judgment.

The Bank then moved for relief from Dias' judgment under Fed.R.Civ.P. 60(b)(5), requesting the federal district court to order the judgment satisfied. The district court granted the motion, Dias appealed, and this court reversed. The panel expressly declined to consider whether a stay of execution would be proper, but suggested that the district court consider the issue on remand. 732 F.2d at 1403.

Upon remand, the Bank filed a second motion for relief from judgment, seeking a stay of execution. Fed.R.Civ.P. 60(b). The district court granted the motion, citing but not expressly adopting the Bank's arguments that 1) a stay would not be unduly burdensome to Dias, since the state court claim "will proceed to trial in the near future," and that 2) if the Bank prevailed in state court after satisfying the $185 federal judgment, Dias' poverty "will make execution against the plaintiff difficult." Dias appeals.

## ANALYSIS

A. *Standard of Review*

■ We review the district court's ruling on a Rule 60(b) motion for relief from judg-

ment under the abuse of discretion standard. *Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1292 (9th Cir.1982).

### B. *Appealability under § 1292(a).*

■ We must first decide whether, as Dias contends, we have jurisdiction over her appeal under 28 U.S.C. § 1292(a), which gives us jurisdiction over interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions." While the Supreme Court has noted that § 1292(a) provides only a narrow exception to the final order rule of 28 U.S.C. § 1291, *see Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981), the Court has long recognized an exception in the form of the *Enelow-Ettelson* rule.

The "Enelow-Ettelson" rule provides that an order staying

> "federal court proceedings pending determination of an equitable defense is an injunction appealable under 28 U.S.C. § 1292(a)(1) if the proceeding stayed was an action that could have been maintained as an action at law before the merger of law and equity." *Wren v. Sletten Constr. Co.*, 654 F.2d 529, 533 n. 2 (9th Cir.1981).

*ATSA of California, Inc. v. Continental Ins. Co.*, 702 F.2d 172, 174 n. 2 (9th Cir. 1983) (citing *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935) and *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942)), amended on other grounds, 754 F.2d 1394 (9th Cir.1985); *see Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1421 (9th Cir.1984).

■ Here, the statutory Truth in Lending action, seeking damages and attorney fees, would have been primarily considered an action at law. *See Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc.*, 754 F.2d 457, 460 n. 2 (2d Cir.1985) (damages action is considered an action at law for purposes of *Enelow-Ettelson* rule); *Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1421 (9th Cir.1984). The stay was for the purpose of permitting a possible setoff, which may be characterized as an "equitable defense." *See generally* 20 Am.Jur.2d *Counterclaim, Recoupment, and Setoff* §§ 2, 7 (1965); 80 C.J.S. *Set-off and Counterclaim* §§ 3, 5 (1953). Moreover, the practical effect of the stay is indistinguishable from the effect of an order at least temporarily enjoining enforcement of the judgment. *See Jewell v. Davies*, 192 F.2d 670, 673 (6th Cir.1951), *cert. denied*, 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323 (1952).

We therefore hold that an order staying execution of a federal TILA judgment under Rule 60(b) to permit a state court to decide a claim that might be set off against the federal judgment is appealable under the *Enelow-Ettelson* rule as an interlocutory order relating to an injunction.[1] *See Kerwit Medical Products, Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 836 (5th Cir.1980).

### C. *Findings of Fact*

■ We cannot properly evaluate the merits of the decision to stay execution of the judgment, however, because the district judge failed to make findings of fact to support his decision. Although most rulings on motions do not require findings of fact, such findings are necessary when granting interlocutory injunctions. Fed.R. Civ.P. 52(a). Furthermore, these findings are essential to a proper review of the

---

1. The independent state court action on the debt and the stay of the Truth in Lending judgment would have been unnecessary if the District Court for the District of Hawaii permitted counterclaims on the debt. *See* Fed.R.Civ.P. 13. Such counterclaims have been consistently dismissed. *See, e.g., Bantolina v. Aloha Motors, Inc.*, 419

F.Supp. 1116, 1122 & n. 20 (D.Hawaii 1976); *Wise v. Beneficial Finance Co.*, Civ. No. 75–0215 (D.Hawaii, March 8, 1977); *Lien v. First Hawaiian Bank*, Civ. No. 75–0384 (D.Hawaii, May 12, 1976). Although the judicial efficiency of this rule is open to question, the issue is not before us.

variety of factors considered in a Rule 60(b) motion for relief from judgment. "The rule contemplates consideration by the trial court of the competing equities, of the strengths and weaknesses of the parties' positions, and of the imposition of conditions for relief from a judgment. It contemplates that an appeal will come before us with a record reflecting those considerations." *Halderman v. Pennhurst State School & Hospital,* 673 F.2d 628, 637 (3d Cir.1982) (en banc), *cert. denied,* — U.S. —, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984). When both the trial court's determination and our review are particularly dependent on factual considerations, we may remand to the district court for findings of fact. *See, e.g., Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1338 (9th Cir.1984) (remand is generally required when trial court makes no findings of fact); *Sumner v. San Diego Urban League, Inc.,* 681 F.2d 1140, 1143 (9th Cir.1982); C. Wright & A. Miller, *Federal Practice and Procedure* § 2577 at 697 & n. 93 (1971 & 1984 Supp.).

▪ The trial judge on remand should expressly address the public policy considerations that militate in favor of fast and effective execution of Truth in Lending Act judgments, and do any necessary balancing in reaching a decision. *See Dias v. Bank of Hawaii,* 732 F.2d at 1403 ("allowing lenders to satisfy adverse TILA judgments by reducing their claims in other courts would frustrate the essential purpose of the Act"); *Hannon v. Security National Bank,* 537 F.2d 327, 328 (9th Cir.1976). In particular, given the trial judge's heavy reliance in his grant of a stay of execution on *Gay v. Haiku Fruit and Packing Co.,* 29 Hawaii 702 (1927), the trial judge should apply that case's standard for determining whether a stay is appropriate: "When the party claiming the benefit of a set off cannot avail himself of the right in the trial of the action, the cause may be continued or execution stayed, *if justice so requires,* until the claimant obtains judgment, which may then be set off against the other." 29 Hawaii at 710 (emphasis added) (citation omitted). Finally, the trial judge is gov-

erned by the equitable elements of both the stay requested and the Rule 60(b) motion, and should look to "the competing equities ... [and] the strengths and weaknesses of the parties' position." *Halderman v. Pennhurst State School & Hospital,* 673 F.2d at 637.

### D. *Attorneys' fees.*

Our disposition of the appeal entitles Dias to costs and reasonable attorney fees incurred for this appeal. *Dias v. Bank of Hawaii,* 732 F.2d at 1403; 15 U.S.C. § 1640(a)(3). We will determine the fee award after receiving appropriate documentation.

### CONCLUSION

This case is remanded for the district court to enter findings of fact and weigh the applicable factual and policy considerations.

FARRIS, Circuit Judge, concurring:

I write separately because I believe that our jurisdiction is supported by additional factors that the Supreme Court considers essential to any exercise of jurisdiction under 28 U.S.C. § 1292(a)(1).

> For an interlocutory order to be immediately appealable under § 1292(a)(1), however, a litigant must show more than that the order has the *practical effect* of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, ... § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of "permit[ting] litigants to effectually challenge interlocutory orders of *serious, perhaps irreparable, consequence.*"

*Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) (quoting *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)) (emphasis added). Although no Ninth Circuit or Supreme Court decision has clarified whether the "Enelow-Ettelson" rule on

which the majority bases our jurisdiction has been supplanted by *Carson*'s emphasis on "practical effect" and "serious, perhaps irreparable consequence," our jurisdiction here satisfies either test.

The practical effect of the stay is indistinguishable from the effect of an order at least temporarily enjoining enforcement of the judgment. *Id.; Alarcom, Inc. v. ITT North Electric Co.,* 727 F.2d 1419, 1422 (9th Cir.1984); *Wren v. Sletten Constr. Co.,* 654 F.2d 529, 533 (9th Cir.1981). Furthermore, the stay of execution deprives Dias of "the inexpensive and expeditious means" of obtaining a judgment that is already indisputably hers; under the stay, she must now "undergo the expense and delay of a trial [in state court] before being able to appeal" the withholding of her $185 federal court judgment. *Alascom,* 727 F.2d at 1422. This consequence is "serious, perhaps, irreparable" and "effectually challenged" only by immediate appeal. *See id.,* citing *Carson,* 450 U.S. at 84, 101 S.Ct. at 996.

In addition, I would find inapplicable the Bank's argument that a federal court stay to await developments in a previously commenced state action involving the same issues "is not ordinarily regarded as the grant or denial of an injunction." *See* 9 Moore, *Federal Practice* ¶ 110.20[4.–2] at 249–250. First, when a stay is the equitable exercise of a court's "inherent power to control the disposition of cases on its docket with economy of time and effort," *id.* at 250, I question its use to protect a defendant who belatedly filed a competing state court action only after an offer of judgment had been made and accepted. *Cf. Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–53, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199 (1964) (in deciding whether an order is "final" and appealable, "the most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other' "). Second, while the federal action involved a breach of the Bank's statutory disclosure duty to its consumers, the competing state action is, by the Bank's own

characterization, a simple "debt collection," unrelated to the transactions and occurrences that form the essence of Dias' federal claim. There is thus little overlap of legal issues between the two "competing" actions; the concerns of judicial economy that underlie appellate courts' reluctance to review an interlocutory stay, *cf. id.,* are irrelevant to Dias' TILA suit.

Finally, I am reluctant to express any disapproval in dicta of the Hawaii district court's practice of dismissing counterclaims on the debt. *See* Majority Opinion at n. 1. Although I might agree as a matter of policy after fully reviewing the merits of each counterclaim, I cannot criticize their dismissal when we have not been called upon, nor had an opportunity to review these cases.