Catherine K. KING, Plaintiff—
Appellee,

v.

INTERNATIONAL DATA SERVICES (IDS), a Hawaii Limited Partnership dba Asset Recovery Group, Defendant—Appellant.

No. 02–17354.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided June 7, 2004.

John Harris Paer, Esq., Honolulu, HI, for Plaintiff–Appellee.

Gregory T. Grab, Law Offices of Gregory T. Grab, Honolulu, HI, for Defendant–Appellant.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

International Data Services ("IDS") appeals the district court's judgment awarding plaintiff Catherine King $1,000 in statutory damages as well as attorneys' fees and costs under the Fair Debt Collection Practices Act ("FDCPA").

The district court did not abuse its discretion in awarding maximum statutory damages. 15 U.S.C. § 1692k(a)(2)(A) provides that a debt collector in violation of the FDCPA is liable for "such additional damages as the court may allow, but not exceeding $1,000." In determining the amount of damages to award, the court is directed to consider "among other relevant factors ... the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b). The district court found IDS' violations to be both serious and deliberate. It was within the discretion of the district court to find that these factors called for an award of maximum statutory damages. Because these factors were sufficient to justify an award of maximum statutory damages, we decline to decide the question of whether a court may consider a collection agency's violations involving other debtors in its determination of whether the agency has acted with "frequency and persistence" within the meaning of 15 U.S.C. § 1692k(b)(1).

The district court did not award excessive attorneys' fees. 15 U.S.C. § 1692k(a)(3) provides that in any successful action to enforce liability, plaintiff shall collect "the costs of the action, together with a reasonable attorney's fee as determined by the court." A Special Master reduced the submitted attorneys' fees to reflect only those claims on which plaintiff prevailed. The Supreme Court has held that in reducing an award of attorneys' fees, "[t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley v. Eckerhart*, 461 U.S. 424, 436–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The district court's reduction fell within these guidelines.

We award King additional attorneys' fees and costs for this appeal. The language of 15 U.S.C. § 1692k(a)(3) allows for attorneys' fees and costs in "any successful action to enforce the foregoing liability[.]" King's response to IDS' appeal was necessary to defend the judgment below awarding damages. This circuit has interpreted the same statutory language to allow for attorneys' fees and costs on appeal in the Truth in Lending Act. *Dias v. Bank of Hawaii*, 732 F.2d 1401, 1403 (9th Cir.1984) (interpreting 15 U.S.C. § 1640(a)(3)). This court will determine the fee award after receiving the appropriate documentation.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.