**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50347 |
| Plaintiff - Appellee, | D.C. No. 8:00-cr-00091-R |
| v. | |
| ERIC BYON HILL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submittted October 19, 2010[**]

Before:      O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Eric Byon Hill appeals pro se from the district court's order denying his 18

U.S.C. § 3664(k) motion for adjustment of the manner of payment of restitution.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hill contends that the Bureau of Prisons's ("BOP") requirement that he pay

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

restitution immediately amounted to an improper delegation of responsibility from the district court to the BOP, in violation of 18 U.S.C. §§ 3664(f) and 3572. This contention lacks merit, because the Judgment and Commitment made restitution due immediately. *See* 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay ... restitution shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."). Contrary to Hill's contention, the judgment did not order payments to begin only when supervised release commenced.

Hill also contends that his participation in the Inmate Financial Responsibility Program ("IFRP") was not voluntary because the BOP falsified a response from the district court indicating that restitution payments were due immediately. Hill has presented no evidence to support this claim.

Hill finally contends that the district court erred by not providing findings of fact and conclusions of law when it denied the motion. This argument lacks merit because factual findings are not required when this court's review of the motion is not dependent on factual considerations. *See Dias v. Bank of Hawaii*, 764 F.2d 1292, 1294-95 (9th Cir. 1985).

**AFFIRMED**.

09-50347