**Fred DRUCKER and Jacqueline Drucker, Plaintiffs– Appellees,**

v.

**O'BRIEN'S MOVING AND STORAGE INC., Bekins Van Lines Co., Defendants–Appellants.**

No. 90–16450.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1991.

Decided April 13, 1992.

Ellen Jean Winogard, Laxalt & Nomura, Reno, Nev., for defendants-appellants.

Stephen N. Scheerer, Incline Village, Nev., for plaintiffs-appellees.

Before: NORRIS and BOOCHEVER, Circuit Judges, and GILLIAM, District Judge.*

GILLIAM, District Judge:

Bekins Van Lines ("Bekins") appeals the district court's award of attorney's fees to Fred and Jacqueline Drucker ("the Druckers") pursuant to 49 U.S.C. § 11711(d) ("§ 11711(d)") and Nevada Revised Statute ("N.R.S.") § 18.010(2). We hold that the court did not abuse its discretion in awarding the fees. We also award fees to the Druckers for this appeal pursuant to 49 U.S.C. § 11711(d).

I

On September 12, 1988, the Druckers sued O'Brien's Moving and Storage ("O'Brien's") and Bekins. The Druckers claimed damages arising out of defendants' shipping of the Druckers' 1931 baby grand piano. The complaint alleged violations of 49 U.S.C. § 11707 and certain state and common law counts for relief. The complaint also prayed for attorney's fees.

---

* Honorable Earl B. Gilliam, United States District Court Judge for the Southern District of California, sitting by designation.

The court tried the matter and awarded judgment of $16,419.87 to the Druckers on June 28, 1990. Attorney's fees were not granted at the time judgment was entered nor were they included in the Druckers' Bill of Costs.

On or about July 26, 1990, the Druckers moved for attorney's fees which defendants opposed. The motion was granted only against Bekins on August 23, 1990 in the amount of $25,000. Bekins filed its Notice of Appeal of the district court's order granting attorney's fees on September 21, 1990.

## II

■ An appeal from a district court's award of attorney's fees is reviewed for abuse of discretion. *See, e.g., Lange v. Penn Mutual Life Ins. Co.*, 843 F.2d 1175 (9th Cir.1988). The court abuses its discretion when it bases the award on clearly erroneous legal or factual findings. *See Andrew v. Bowen*, 837 F.2d 875 (9th Cir. 1988).

## III

We first address whether the district court had authority to grant attorney's fees, which may not ordinarily be recovered in the absence of express statutory authority. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court awarded attorney's fees pursuant to § 11711(d) and N.R.S. § 18.010(2).

■ Bekins' argument that the Carmack Amendment, 49 U.S.C. § 11707, does not authorize recovery of attorney's fees fails. The supporting cases to which Bekins cites were decided before the enactment of § 11711(d), which specifically provides for an award of attorney's fees:

In any court action to resolve a dispute between a shipper of household goods and a motor common carrier providing transportation subject to the jurisdiction of the Commission under subchapter II of chapter 105 of this title concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if—

(1) the shipper submits a claim to the carrier within 30 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;

(2) the shipper prevails in such court action; and

(3)(A) no dispute settlement program approved under this section was available for use by the shipper to resolve the dispute....

Because we find the district court had authority to grant attorney's fees under § 11711(d), we need not address Bekins' contention that the district court erred in relying on state law to grant attorney's fees.

## IV

■ We next review the timeliness of the Druckers' motion for attorney's fees. Bekins alleges that the Druckers' motion was effectively a motion to amend the judgment to include the fees. Bekins states the Druckers prayed for attorney's fees in their complaint but the court entered judgment without the fees. The court also failed to make findings as to attorney's fees at the time of judgment. Consequently, the Druckers' post-judgment motion for fees purportedly must be deemed a motion to amend judgment especially because the amount of the fees request, which is one and a half times the underlying judgment amount, "materially alters the entire complexion of the judgment."

A motion to amend judgment must be served no later than 10 days after judgment has been entered. Fed.R.Civ.P. 59(e). Because the Druckers did not file their motion for fees within this statutory period, the motion was allegedly untimely and should have been denied.

Although the district court failed to rule on the Druckers' prayer for attorney's fees in the judgment, their post judgment motion for those fees is not a motion to amend the judgment. The federal statute authorizing attorney's fees requires the Druck-

ers first to prevail in their suit. 49 U.S.C. § 11711(d)(2). Therefore, the fees could not have been awarded until judgment was rendered.

Moreover, the issues involving attorney's fees are separate and collateral to the issues of Bekins' liability for damage to the Druckers' piano. The Supreme Court in *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982), noted that Rule 59(e) is inapplicable to attorney's fees which raise legal issues collateral to the merits of the underlying case. The court reached this conclusion independent of the 42 U.S.C. § 1988 issue before it. Similarly, the motion for attorney's fees falls outside the scope of Rule 59(e) and was timely filed under the Local Rules of Practice for the United States District Court of Nevada 205, subd. 18.[1]

### V

The third issue we address is whether the district court abused its discretion in awarding fees. Bekins asserts the district court failed to make findings regarding the existence of a dispute settlement program when it granted attorney's fees under § 11711(d). Therefore the district court allegedly abused its discretion in granting the motion for fees and the ruling must be vacated. Contrary to Bekins' assertion, the court found that Bekins did not supply the Druckers any information regarding claims settlement. *Drucker v. O'Brien's Moving and Storage Inc.*, 745 F.Supp. 616, 622 (D.Nev.1990).

We interpret § 11711(d)(3), quoted *supra*, as imposing on Bekins the burden of providing the Druckers notice of Bekins' dispute settlement program. The record shows that the requirements of § 11711(d)(1) and (2) have been satisfied. Based on the trial court's finding of no notice, we find the award of attorney's fees was proper.

Bekins also contends the Druckers' counsel failed to designate the hours worked on each task listed in the itemiza-tion submitted to the district court. Counsel merely gave 344.8 as the total number of hours spent on the underlying case. Bekins argues the district court made no findings as to which charges were deemed reasonable or unreasonable, thus the court abused its discretion.

The court in its order granting attorney's fees specifically recognized the lack of time allocation for each task. The court found the claim of 344.8 hours to be excessive and reduced the time to 200 hours for lodestar computation. There is no abuse of discretion in this finding.

Bekins next asserts the Druckers contracted to pay their attorney a percentage of that portion of the recovery over $15,000. Bekins argues the award of $25,-000 exceeded the agreed amount, given that the total recovery was only $16,419.87. Bekins urges the court to limit the attorney's fees to the actual contingent fee paid by the Druckers and to deem any excess award as an abuse of discretion. However, Section 11711(d) awards attorney's fees regardless of the type of fee agreement.

Finally, Bekins argues that the district court abused its discretion because it allegedly did not decrease the fee based on the twelve factors in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The underlying suit allegedly involved little discovery and motion work, a minimum of witnesses, and no complex legal or factual issues. Bekins asserts that even if the award is legally, factually, and procedurally proper, the excessive $25,000 award must be reversed. In our view, the district court did not abuse its discretion in awarding fees in the amount of $25,000.

### VI

Pursuant to § 11711(d), we grant the Druckers' request for attorney's fees on appeal.

AFFIRMED.

---

1. Local Rule 205, subd. 18 requires a party entitled to move for attorney's fees to file and serve such motion within 30 days after entry of final judgment.