28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HOME SAVINGS OF AMERICA, F.A., a corporation, Plaintiff-Appellee,
v.
Charles E. KOHLHASE, husband; Beverly C. Kohlhase, wife,
Defendants-Appellants.
Lothar GOERNITZ; Chapter 7 Trustee, an Arizona General
Partnership; K & W Associates, an Arizona General
Partnership; Charles E. Kohlhase, husband, and Beverly C.
Kohlhase, wife; Alan V. Watson, husband, and Virginia D.
Watson, wife, Plaintiffs-Appellants,
v.
SUN STATE SAVINGS AND LOAN; Home Savings of America FA;
Resolution Trust Corporation, as a receiver for
Sun State Savings and Loan, Defendants-Appellees.
 Nos. 93-16865, 93-16393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1994.
Decided June 27, 1994.
 
 1
 Before: WALLACE, Chief Judge, O'SCANNLAIN, Circuit Judge, and KELLEHER,* District Judge.
 
 MEMORANDUM
 
 2
 These consolidated appeals arise out of a summary judgment, and a partial summary judgment and trial. The Kohlhases, the Watsons, and the bankruptcy trustee for their real estate development partnership, Sun Valley Associates (collectively, Kohlhase), appeal from the summary judgment against them in their action against Home Savings. The Kohlhases appeal from the partial summary judgment and trial judgment against them in Home Savings's action to recover on a personal guarantee, as well as from the district court's decision of how much payment was required under the personal guarantee. The district court had jurisdiction pursuant to 28 U.S.C. Secs. 1332(a)(3), 1334, and 1441. We have jurisdiction over these timely appeals pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Kohlhase's central argument is that the summary judgments were improper because there was a genuine issue of material fact about whether, under the terms of the loan, the borrowers could call upon the letter of credit to make delinquent loan payments. We review a summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 4
 We conclude that there is no genuine issue of material fact. Home Savings was not required to apply the letters of credit to the delinquent loan payments. The documents relevant to the first deed of trust specifically set out under what conditions the letters of credit may be released. There is no evidence or argument that those conditions were met. In addition, the provision requiring the letters of credit state that they are "for the purpose of securing any deficit from the net cash flow realized by the Property ... including taxes and debt service." (Emphasis added.) Thus, the letters of credit clearly functioned as security. The deeds of trust do not require the bank to draw on security to make payments. Also, the deeds of trust state that at its option, Home Savings may "apply toward the payment of any indebtedness ... any unapplied Funds held by Lender."
 
 
 5
 Kohlhase points out that Home Savings had used funds derived from another letter of credit to make delinquent payments on the first deed of trust. From this he extrapolates that even if the loan documents themselves are not ambiguous, there was a course of conduct under which Home Savings promised to use the second letter of credit to meet the delinquent payments on the second deed of trust. This argument ignores the unique factual background surrounding how the funds from the first letter of credit came to be in Home Savings's possession. In addition, even if we were to accept the argument that the parties set up a course of conduct creating a genuine issue of fact about the meaning of the loan documents, any such conduct, which related to the first deed of trust, was jettisoned in 1989 when the second deed of trust was issued. It was the second deed of trust upon which the borrowers directly defaulted. The district courts did not err in holding that there was no genuine issue of material fact regarding the use of the letters of credit.
 
 II
 
 6
 The Kohlhases assign as reversible error several rulings during the nonjury trial which was held to determine how much they were required to pay on their personal guarantee of the second deed of trust.
 
 
 7
 First, they argue that the district court erred in refusing to let appraiser John Hansen testify and then excluding Hansen's appraisal report. The parties disagree about the basis for the district court's ruling excluding Hansen's testimony. It appears to us that the district court would not allow Hansen to testify unless he were deposed and refused to continue the trial to allow Home Savings to depose him.
 
 
 8
 A court may, within its discretion, decide not to continue a trial. United States v. 2.61 Acres of Land More or Less, 791 F.2d 666, 670 (9th Cir.1985) (2.61 Acres ). Its decision will not be overturned absent a showing of clear abuse. Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 451 (9th Cir.1991). Two of the elements that a court may consider in deciding to deny a continuance are whether the party was diligent in its efforts to avoid a continuance, and whether the continuance would cause inconvenience. 2.61 Acres, 791 F.2d at 671. In this case, both of these factors indicate that the district court could, within its discretion, refuse to continue the trial for the deposition of Hansen. The Kohlhases were not diligent because they did not inform Home Savings that Hansen was again available to testify until the first day of trial, and because Hansen had not come to a previous deposition. The continuance would have been inconvenient because the trial had been continued before, and because Home Savings's counsel was already scheduled to be out of town, thus interfering with a continuance.
 
 
 9
 It is also within the district court's discretion to exclude an expert witness when the opposing party has not been informed as to the substance of the expert's testimony. See Jenkins v. Whittaker Corp., 785 F.2d 720 (9th Cir.), cert. denied, 479 U.S. 918 (1986). Home Savings did not have a chance to depose Hansen. The court would not continue the trial to allow that discovery to take place. Since the disposition would not occur, the court was within its discretion to exclude Hansen's testimony as not previously disclosed to Home Savings.
 
 
 10
 The Kohlhases argue that the district court should not have excluded Hansen's appraisal report as hearsay. We review the district court's evidentiary ruling for abuse of discretion. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992). A district court may refuse to admit an appraisal as hearsay when the appraiser is not available for cross examination. See Waddel v. Commissioner, 841 F.2d 264, 267 (9th Cir.1988). The Kohlhases argue that the appraisal should have been admitted as an adoptive admission of a party opponent, because Home Savings relied on the appraisal in making the loan. Hearsay may be admitted under this rule if the party "has manifested his adoption or belief in its truth." Fed.R.Evid. 801(d)(2)(B). The district court was within its discretion in determining that Home Savings did not adopt the appraisal as "true" just because it was viewed as an acceptable appraisal for meeting the conditions of the loan.
 
 
 11
 The Kohlhases next contend that the district court's valuation of the property sold at the trustee's sale was clearly erroneous. We review for clear error the district court's findings of fact. Fed.R.Civ.P. 52(a). The district court was justified in relying on the appraisal of the only nonparty expert witness to present testimony on the value of the property. There was no clear error.
 
 
 12
 Finally, the Kohlhases argue that the district court improperly assessed the amount of attorneys' fees it awarded to Home Savings. We review an award of attorneys' fees for abuse of discretion. Drucker v. O'Brien's Moving and Storage, 963 F.2d 1171, 1173 (9th Cir.1992). A provision in the Kohlhases' personal guarantee stated, "Guarantors agree to pay all attorney's fees and all other costs and expenses which may be incurred by Lender in the enforcement of this guaranty." This provision does not require the fees to be "reasonable," and thus the Kohlhases' argument that the fees were unreasonable is irrelevant. The Kohlhases rely on the statutory attorneys' fees provision, which requires "reasonableness." But Arizona law excludes contractual arrangements for attorneys' fees from the requirements. See Conner v. Cal-Az Properties, 668 P.2d 896, 898 (Ariz.App.1983). Even if the fees do have to be reasonable, the Kohlhases have not shown that the district court abused its discretion. At best, they urge that we should come to a different conclusion on a de novo review.
 
 
 13
 Home Savings requests attorneys' fees on appeal pursuant to the same contractual right. We award attorneys' fees to Home Savings and direct the district court to set them.
 
 
 14
 AFFIRMED.
 
 
 15
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation