33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ted M. SPICE, Plaintiff-Appellant,
v.
PUYALLUP HOUSING AUTHORITY; Elaine Flamming, in her
official capacity; Thurston County Housing
Authority; Maureen Hill, in her
individual capacity,
Defendants-Appellees.
Ted M. SPICE, Plaintiff-Appellee,
v.
PUYALLUP HOUSING AUTHORITY; Elaine Flamming, in her
official capacity, Defendants,
and
Thurston County Housing Authority; Maureen Hill, in her
individual capacity, Defendants-Appellants.
 Nos. 93-35424, 93-35562 and 93-35644.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court granted summary judgment dismissing Ted Spice's discrimination and defamation claims. It awarded costs to the prevailing defendants, but denied the Thurston County defendants'[1] request for attorneys' fees. Spice and the Thurston County defendants appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the summary judgment, but reverse the denial of attorneys' fees and remand.
 
 A. Fair Housing Act Discrimination
 
 3
 Spice claims that the Puyallup Housing Authority discriminated against him. He says it delayed issuing him a housing voucher because of his race and disability in violation of the Fair Housing Act, 42 U.S.C. Sec. 3601, et seq. We review de novo the summary judgment dismissal. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir.1992). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Spice's discrimination claim was properly dismissed because he failed to make out a prima facie case. As the district court said, he had to show "(1) that he is a member of a protected class, (2) that he applied for and was qualified to receive a Section 8 housing voucher; and (3) that other voucher applicants who applied after [him] were actually awarded vouchers before him." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (Title VII prima facia case); Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926-27 (8th Cir.1993) (Fair Housing Act follows McDonnell Douglas prima facie case formulation, which varies depending on the facts); Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1038 (2d Cir.1979).
 
 
 5
 The evidence showed that his application was not denied, and was not treated differently than others. The Puyallup Housing Authority presented uncontroverted proof that every voucher issued while Spice was on the waiting list was to an applicant who applied before him. And even assuming its admissibility, Spice's allegation that Elaine Flammang led him to believe his voucher would be issued within 30 days is irrelevant to his discrimination claim.[2]
 
 B. Defamation
 
 6
 Spice also alleges that the Thurston County defendants defamed him when Hill told a Housing and Urban Development (HUD) investigator about Spice's rental of two Thurston County apartments, his contact with HATC, and her opinion about him. But as the district court explained correctly, Spice's claim is barred because the Thurston County defendants are immune from suit, he filed his action after the statute of limitations had expired, and he failed to present evidence showing he could prevail on the merits.
 
 
 7
 The Thurston County defendants are immune because Hill in good faith communicated information to a federal agency. RCW 4.24.510.[3] Even assuming Spice's affidavit in opposition to summary judgment was admissible, he failed to present specific facts that could demonstrate Hill acted in bad faith. Celotex, 477 U.S. at 322. His speculation as to her intent would be insufficient to allow a reasonable juror to find bad faith. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).
 
 
 8
 Spice's defamation claim is also barred by the state two-year statute of limitations. RCW 4.16.100. In his deposition he said that he spoke with the HUD investigator about Hill's statements sometime between June 1989 and January 1990. He did not file his complaint until March 24, 1992. Finally, Hill's comments were not actionable because they were either opinion, Dunlap v. Wayne, 105 Wash.2d 529, 538, 716 P.2d 842 (1986), or statements that Spice could not prove to be false. Mark v. Seattle Times, 96 Wash.2d 473, 486, 635 P.2d 1081 (1981).
 
 C. Denial of Motion to Amend
 
 9
 Spice argues that the district court improperly denied his motion to amend his complaint. We review for abuse of discretion. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987). The court did not abuse its discretion in denying the motion. Spice's proposed amendment was untimely filed near the end of discovery, prejudicial and highly burdensome to defendants, comprised of facts he knew or should of known at the time he filed his complaint, and futile. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir.1990) (amendment prejudicial, untimely, and based on facts plaintiff should have known at time of original complaint); Partington v. Gedan, 961 F.2d 852, 866-67 (9th Cir.1992) (amendment futile because relief barred by immunity).
 
 D. Attorneys' Fees
 
 10
 The Thurston County defendants assert that the district court erred in failing to assess reasonable attorneys' fees against Spice. We review for abuse of discretion. Drucker v. O'Brien's Moving and Storage, Inc., 963 F.2d 1171 (9th Cir.1992). The immunity statute relied on says that "[a] person prevailing upon the defense provided for in this section shall be entitled to recover costs and reasonable attorneys' fees incurred in establishing the defense." RCW 4.24.510. The district court concluded, and we agree, that these defendants were entitled to immunity. Spice may or may not be able to pay but the plain language of the statute mandates an award of reasonable fees expended to defend the action. We reverse the denial of fees and remand to the district court, which in the exercise of its discretion will consider the amount of fees to be allowed. The district court will grant judgment for the reasonable fees incurred in the original proceeding and on appeal.[4]
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.[5]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Housing Authority of Thurston County (HATC) and Maureen Hill are referred to together as the Thurston County defendants
 
 
 [2]
 The district court did not abuse its discretion in striking plaintiff's affidavit in opposition to summary judgment. The affidavit was filled with inadmissible hearsay, speculation and improper legal argument
 
 
 [3]
 Because Spice's defamation claim rests entirely on the actions of Hill, HATC may be liable only on a respondeat superior theory. An employee's immunity extends to a government employer where the basis of liability is respondeat superior. Savage v. State, 72 Wash.App. 483, 488-91, 864 P.2d 1009 (1994)
 
 
 [4]
 The district court did, however, properly assess costs against Spice. Costs shall also be taxed against Spice in these cross-appeals. Fed.R.App.P. 39(a)
 
 
 [5]
 We find the other issues raised in Spice's brief but not discussed in this disposition to be without merit