34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darryl J. JOE, Plaintiff-Appellee,
v.
PAYCO-GENERAL AMERICAN CREDITS, INC., Defendant-Appellant.
 No. 94-15338.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Payco-General American Credits, Inc., ("Payco-General") appeals the district court's award of attorney's fees and costs to Darryl J. Joe pursuant to 15 U.S.C. Sec. 1692k(a)(3) and Haw.Rev.Stat. Sec. 480-13. Joe brought the underlying action against Payco-General for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sec. 1692, and Haw.Rev.Stat. Secs. 443B and 480-2. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 An appeal from a district court's award of attorney's fees is reviewed for abuse of discretion. Drucker v. O'Brien's Moving & Storage Inc., 963 F.2d 1171, 1173 (9th Cir.1992). We review de novo the district court's application of law to the request for attorney's fees. United States ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989), cert. denied, 493 U.S. 1094 (1990).
 
 
 4
 Payco-General contends that Joe won only nominal damages, and, therefore, he is not entitled to attorney's fees under Farrar v. Hobby, 113 S.Ct. 566 (1992).[1] This contention lacks merit.
 
 
 5
 The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." 15 U.S.C. Sec. 1692k(a). The FDCPA further provides that upon a finding of liability a court may award an individual plaintiff actual damages in compensation for the harm suffered as a result of the violation, "additional damages" not to exceed $1,000, and a "reasonable attorney's fee as determined by the court." 15 U.S.C. Sec. 1692k(a)(1)-(3).[2]
 
 
 6
 Assuming without deciding that Farrar applies in FDCPA cases, we conclude that the award of attorney's fees in this case is consistent with Farrar and the FDCPA. In Farrar, the plaintiffs received $1 in nominal damages in a 42 U.S.C. Sec. 1983 action in which they had sought $17 million. Farrar, 113 S.Ct. at 570. Despite the $1 award, the district court awarded to plaintiffs over $300,000 in attorney's fees and costs. Id. The Supreme Court held that the plaintiffs were not entitled to attorney's fees because their success in the action had been so limited. Id. at 574-75. Therefore, courts err when awarding attorney's fees "without 'consider[ing] the relationship between the extent of success and the amount of the fee award.' " Id. at 575 (quoting Hensley v. Eckerhart, 461 U.S. 424, 438 (1983)).
 
 
 7
 Like the district court, we conclude that Joe's award was more than a "technical" victory and, therefore, cannot be classified as a "nominal" award. Payco-General tendered an offer of judgment for $1,001 together with costs and "reasonable attorney's fees as determined by the Court." The district court accepted the settlement and entered judgment in favor of Joe. The judgment awarded Joe the statutory maximum in damages. See 15 U.S.C. Sec. 1692k(a)(3); Haw.Rev.Stat. Sec. 480-13(b)(1). Thus, Joe was completely successful in this action to hold Payco-General responsible for its violations of the FDCPA and Haw.Rev.Stat. Sec. 480-2. As the prevailing party and the recipient of statutory damages, Joe is entitled to an award of reasonable attorney's fees. See 15 U.S.C. Sec. 1692k(a)(3); see also Farrar, 113 S.Ct. at 575; Hensley, 461 U.S. at 438.
 
 
 8
 Accordingly, the district court correctly found that Joe achieved a level of success that entitled him to an award of reasonable attorney's fees and costs. Therefore, the district court did not abuse its discretion by awarding Joe attorney's fees and costs. See Drucker, 963 F.2d at 1173. Moreover, because of our disposition of this appeal in Joe's favor, we award Joe attorney's fees and costs on appeal. See 15 U.S.C. Sec. 1640(a)(3); Dias v. Bank of Haw., 732 F.2d 1401, 1403 (9th Cir.1984). Joe shall file the appropriate papers with the clerk of this court pursuant to 9th Cir.Rule 39-1.6. This court will determine the fee award after receiving the documentation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Payco-General's only argument before this court is that the district court's award of attorney's fees is inconsistent with Farrar. Because Payco-General does not contest the reasonableness of the hours claimed by Joe's attorneys or the actual amount of attorney's fees, we deem those issues waived. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404-05 (9th Cir.1985) (stating that this court generally does not consider matters not specifically and distinctly raised and argued in appellant's opening brief); see also Fed.R.App.P. 28(a)(5)
 
 
 [2]
 Similarly, Haw.Rev.Stat. Sec. 480-13 provides, in pertinent part, that:
 (b) Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2:
 (1) May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000.00 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorneys fees together with the costs of suit.